S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Special Assistant United States Attorney
paul_maloney@co.washington.or.us
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 717-1117
Attorneys for United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>              v.<br>**STEVEN DOUGLAS ROCKETT,**<br>                    **Defendant.** | Case No. 3:13-CR-00557-SI<br><br>**MOTION FOR PROTECTIVE ORDER AND AUTHORIZATION FOR RELEASE OF INFORMATION** |

      The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, and  Special Assistant United States Attorney (SAUSA) Paul Maloney, moves the Court  for a protective order governing the release of records pertaining to evaluations of  minor female victim N.S.1 (d.o.b. xx/xx/1999), and her sister N.S. 2 (dob: xx/xx/1997), which were conducted on August 30, 2013, at the CARES Northwest Program (CARES-NORTHWEST), 2800 N. Vancouver, Suite 201, Portland, Oregon.  This protective order would comply with the requirements of CARES-NORTHWEST for production of records and review of video-recorded interviews of the minor victims and allow counsel for the government and defense counsel  to send a subpoena to CARES-NORTHWEST to obtain copies of the video recordings of the children's interviews that were conducted by or under the direction of CARES-

NORTHWEST, as well as any and all records associated with the evaluations, and for those records to be produced by CARES-NORTHWEST to Special Assistant United States Attorney Paul Maloney, 1000 S.W. Third Avenue, Portland, Oregon 97204, and defense counsel Andrew D. Coit, Cohen & Coit PC, 800 Willamette Street, Suite 700, Eugene, Oregon 97401.

These records are subject to discovery provisions in the Federal Rules of Criminal Procedure, Rule 16, the Jencks Act (18 U.S.C. § 3500), and *Brady v. Maryland,* 373 U.S. 82 (1963), along with cases decided thereunder, and are or may be subject to confidentiality provisions of Title 18, United States Code, Sections 1169 (concerning reporting of child abuse) and 3509 (child victims' and child witnesses' rights), and Or. Rev. Stat. 418.794, 419A.170, 419A.255 and 419B.035 (concerning reports and evaluations of possible child abuse). The requested records are especially sensitive.

The government requests that the Court order that CARES-NORTHWEST be authorized to provide true and correct copies of the video recorded interviews of the minor victims as well as any and all records associated with their evaluations, subject to a protective order containing the following restrictions:

1. A copy of the protective order shall be included with any copies of records, photographs, or audio or video recordings provided to any party or any other person involved with the above-captioned proceeding.

2. All records, photographs, audio, and video recordings obtained under the order shall be in the constructive custody of the Court. Any and all records, photographs, or audio or video recordings, including any and all copies thereof, retained by the government or Counsel for the defendant for use during any post-

**Page 2 -    Motion for Protective Order and Authorization for Release Of information**

<␀"><␀">
<␀"><␀"><␀"><␀">
<␀"><␀"><␀"><␀"><␀">

    conviction relief hearings or appeal proceedings shall be sealed and shall remain confidential and subject to the provisions of the protective order.

3. Records, photographs, audio, and video recordings obtained under the protective order may not be viewed or otherwise used except in connection with representation of a party in the above-captioned proceeding. Any other use or viewing of these records is not authorized and shall be deemed a violation of the protective order.

4. None of the audio or video recordings produced may be duplicated or copied by parties or counsel. Any transcripts of the audio or video recordings prepared shall only be used for this litigation and shall have a copy of the protective order attached. It shall be the responsibility of counsel obtaining a video or photograph covered by the protective order to exercise due diligence to ensure that no unauthorized use or viewing of the video or photographs occurs. Counsel shall not permit any person to view or possess any record, photograph, or audio or video recordings covered by the protective order without notifying that person of the existence and requirements of the order.

5. Reproductions of videos for release to counsel will be made solely by or under the direction of the staff of CARES-NORTHWEST at Legacy Emanuel Hospital and Health Center in repose to a subpoena accompanied with a copy of the court's protective order.

6. Counsel appearing and presenting this order for the Court's signature shall have notified all other counsel of record in this proceeding and the Medical Records Custodian of CARES-NORTHWEST of the issuance of the protective order

**Page 3 -  Motion for Protective Order and Authorization for Release Of information**

sought herein.  Prior requests, whether by subpoena or otherwise, will be insufficient notice that production of video recordings and/or photographs has been requested by counsel and approved by the Court.

7. All reasonable expenses incurred in the production of these records shall be the responsibility of the party seeking production.  Payment is required at the time of production.

Defense counsel was contacted regarding this motion and stated defendant has no objection.

DATED this 10th day of March 2014.

    Respectfully submitted,

    S. AMANDA MARSHALL
    United States Attorney
    District of Oregon

    /s/  Paul Maloney
    PAUL T. MALONEY, OSB # 013366
    Special Assistant United States Attorney