ANDREW D. COIT, OSB# 972378
Email: Andrew@cohencoit.com
TOM C. BORTON, OSB #092936
Email: Tom@cohencoit.com
COHEN & COIT, P.C.
9200 SE Sunnybrook Ave, Suite 430
Clackamas, OR 97015
Ph: 503-231-3419
Fax: 503-231-3420

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>vs.<br><br>STEVEN DOUGLAS ROCKETT,<br><br>                            Defendant. | Case No.: 3:13-CR-00557-SI<br><br>MEMORANDUM SUPPORTING MOTION TO SUPPRESS DEFENDANT'S STATEMENTS |

## FACTUAL BACKGROUND

At 8:43 a.m. on August 23, 2013, defendant was arrested during a traffic stop.  WCSO Detectives Cox and Tarkelson were present at the arrest as was Detective Martino of the Forest Grove Police Department.  Defendant was transported to the Washington County Sheriff's Office soon thereafter.

PAGE 1- MEMORANDUM SUPPORTING MOTION TO SUPPRESS STATEMENTS

At the Sheriff's Office, Detectives Tarkelson and Cox interviewed defendant. This took place in an interview room and was recorded. Approximately thirty-four minutes into the interview, defendant asked for his attorney. Neither detective ceased questioning defendant after he made this request. Defendant was never provided an attorney or an opportunity to consult with counsel.

A copy of the recorded statement will be played at the hearing on defendant's Motion.

## ARUGMENT

The statements defendant seeks to suppress are any statements made during custodial interrogation prior to defendant being read his <u>Miranda</u> rights, and any statements made after defendant invoked his rights to counsel and/or silence. The statements all appear in discovery provided by the government.

I. <u>ADVICE OF RIGHTS</u>

The Fifth and Fourteenth Amendments to the United States Constitution require that defendant's alleged statements be suppressed because they were the product of interrogation which was not preceded by the warnings required by <u>Miranda v. Arizona</u>, 384 US 436, 86 SCt 1602, 16 LEd2d 694 (1966).

Advice of such rights is required under the Fifth Amendment when, under the totality of the circumstances, "a reasonable person in defendant's situation

would have understood himself to be in custody or under restraints comparable to those associated with a formal arrest." <u>Berkemer v. McCarty</u>, 468 US 420, 104 SCt 3138, 82 LEd2d 317 (1984); <u>State v. Zelinka</u>, 130 Or App at 475; <u>State v. Sadler</u>, 86 Or App 152, 738 P2d 601 (1987).

## II. INVOCATION OF RIGHT TO SILENCE AND RIGHT TO COUNSEL

In <u>Miranda</u>, 384 U.S. 436, the Supreme Court held that if an accused undergoing custodial interrogation requests an attorney, such interrogation must cease. The Court extended that rule in <u>Edwards v. Arizona</u>, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), holding that once an accused requests an attorney, the police may not re-initiate interrogation until an attorney has been made available to the accused.

Defendant expressly invoked his right to remain silent and requested an attorney when Detectives Tarkelson and Cox were interrogating him in the Washington County Sherriff's Office on August 23, 2013. Instead of ceasing questioning at that time, they continued to interrogate, threaten and demean defendant. This entire exchange is captured on an audio recording. All evidence, both physical and testimonial, derived from this illegality must be suppressed.

## III.    WAIVER OF CONSTITUTIONAL RIGHTS

It is a well-established principle that alleged waivers of fundamental constitutional rights such as the right to counsel and the privilege against self-

PAGE 3- MEMORANDUM SUPPORTING MOTION TO SUPPRESS STATEMENTS

incrimination will be upheld only after careful inquiry into factual basis for the alleged waiver.  Johnson v. Zerbst, 304 U.S. 458, 464 (1938), overruled in part on other grounds by Edwards v. Arizona, 451 U.S. 477 (1981).  "Waivers of such constitutional rights must not only be voluntary, but also must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."  Brady v. United States, 397 U.S. 742, 748 (1970).  The government bears the heavy burden of demonstrating that the accused had sufficient awareness of the consequences of the waiver, and that these vital constitutional rights were then knowingly and intelligently waived.  Miranda v. Arizona, 384 U.S. 436 (1966).

The question of whether the accused waived a Constitutional right "is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the Miranda case."  North Carolina v. Butler, 441 U.S. 369, 373 (1979).  Moreover, it is clear that courts must "indulge in every reasonable presumption against waiver."  Brewer v. Williams, 430 U.S. 387, 404 (1977).

The test to determine whether a knowing and intelligent waiver was made rests on an inquiry into the totality of circumstances surrounding the interrogation.  Miranda, 384 U.S. at 475-77.  The question of waiver must be determined by

looking to "the particular facts and circumstances surrounding the case." Zerbst, 304 U.S. at 464.  At no time did defendant waive his Constitutional rights.

IV. VOLUNTARINESS

Whether a confession is voluntary is an issue independent of whether there was "formal compliance with the requirements of Miranda." State v. Chase, 55 Ohio St. 2d 237, 246, 378 N.E.2d 1064, 1070 (1978).  The burden is on the prosecution to show that, considering the totality of the circumstances, the confession was voluntarily given.  Medina v. California, 505 US 437, 463 (1992). Psychological as well as physical coercion may render a confession involuntary. Townsend v. Sain, 372 U.S. 293, 307 (1963), overruled in part on other grounds by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992).  The relinquishment of the rights established in Miranda "must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception."  Moran v. Burbine, 475 U.S. 412, 421 (1986).  Also, "the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." Id. at 421.  If a confession has been made involuntarily, any subsequent conviction cannot stand. Stroble v. California, 343 U.S. 181, 190 (1952).

An involuntary confession is inadmissible at trial.  Withrow v. Williams, 507 U.S. 680, 703 (1993).  The admission into evidence of an involuntary

PAGE 5- MEMORANDUM SUPPORTING MOTION TO SUPPRESS STATEMENTS

confession deprives the defendant of the Fourteenth Amendment right to due process of law.  Jackson v. Denno, 378 U.S. 368, 376 (1964).

## CONCLUSION

Any statements made prior to defendant being subjected to custodial interrogation that was not preceded by proper Miranda warnings should be suppressed.  Further, any statements made after defendant expressly invoked his rights to silence and/or counsel should be suppressed.

Therefore, defendant respectfully requests that this Court conduct an evidentiary hearing in order for defendant to demonstrate that his statements were obtained in violation of his Constitutional rights guaranteed by the Federal Constitution and hence should be suppressed.

RESPECTFULLY SUBMITTED this 6th day of April, 2015.

                COHEN & COIT, P.C.

                /s/ ANDREW D. COIT
                Andrew D. Coit
                Attorney for Defendant

                /s/ TOM C. BORTON
                Tom C. Borton
                Attorney for Defendant

## Certificate of Service

      I hereby certify that on April 6, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which provides notification of such filing to the following individual(s):

Mr. Paul T. Maloney
Special Prosecutor US Attorney's Office
150 N 1st Ave, Suite 300 MS 40
Hillsboro, OR 97124
E-Mail: paul_maloney@co.washington.or.us

            /s/ Andrew D. Coit
            Andrew D. Coit, OSB# 972378
            andrew@cohencoit.com
            Attorney for Defendant

            /s/ Tom C. Borton
            Tom C. Borton, OSB #092936
            tom@cohencoit.com
            Attorney for Defendant

            COHEN & COIT, P.C.
            9200 SE Sunnybrook Ave, Suite 430
            Clackamas, OR  97015
            Ph:    503-231-3419
            Fax:   503-231-3420