S. AMANDA MARSHALL, OSB 95347
United States Attorney
**PAUL T. MALONEY, OSB 013366**
Special Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
E-mail:  paul_maloney@co.washington.or.us

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:13-CR-00557-SI |
| v. | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS DEFENDANT'S STATEMENTS |
| STEVEN DOUGLAS ROCKETT, | |
| Defendant. | |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, and Paul T. Maloney, Special Assistant United States Attorney, responds to and opposes defendant's motion to suppress statements he made to two sheriff's detectives following his arrest.

Defendant seeks to suppress statements he made to the detectives before being advised of his *Miranda* rights, and after invoking his right to counsel.  In his supporting memorandum, he also claims that he never waived his rights (Def. Memorandum at 5) ("At no time did defendant waive his Constitutional rights").  The government does not intend to offer during its case in chief at trial any statements defendant made before he was advised of

his *Miranda* rights, or after he invoked his right to counsel. Those portions of defendant's motion should be denied as moot. On the other hand, defendant knowingly and voluntarily waived his rights and voluntarily answered the detectives' questions prior to invoking his right to counsel. Accordingly, the remainder of defendant's motion to suppress should be denied.

I.   **FACTUAL BACKGROUND**

The facts giving rise to the charges in the superseding indictment began in 2000 when defendant traveled from the United States to the Philippines, where he met local children, invited them to his hotel room, and sexually exploited them. He traveled to the Philippines several more times between 2001 and 2013, during which he met and sexually exploited local children. He kept in touch with some of his child victims (and in some cases, their parents or guardians) through the internet and through social media. He sent gifts, including digital devices, cellular telephones, digital cameras, clothing, and money, to some of the children and their families. In return, defendant requested that sexually explicit images of the children be sent to him via e-mail.

Defendant also sexually abused and exploited children here in the United States. Among his victims were a 13-year-old girl and her two sisters, whose parents were friends with defendant, and who lived with defendant at his residence for months at a time when their family was homeless. Defendant was recently convicted in Washington County Circuit Court of various offenses in connection with his abuse and exploitation of those girls.

During the summer of 2013, the defendant sent online communications to the 13-year-old girl soliciting her to send him lewd images of herself. In August 2013, the girl told her mother that defendant had sexually abused her, and took photographs of sex acts he

performed on her when she lived with him. Her two older sisters also disclosed being sexually abused by defendant. The girl showed her mother social media messages from defendant in which he solicited her to produce and send him lewd images of her naked body. The mother reported the abuse to the Washington County Sheriff's office, and an investigation ensued.

On August 23, 2013, law enforcement officers arrested defendant on state charges during a traffic stop. He was transported to the Washington County Sheriff's Office, where he was interviewed by former Detectives Ericka Cox and Kurt Tarkalson. The interview was audio- and video recorded. Defendant sat on a couch; the two detectives sat in chairs across from him. Defendant was handcuffed in front of his body. The tone of the interview was conversational.

At the outset of the interview, Detective Tarkalson advised defendant of his *Miranda* warnings. Detective asked defendant if he understood each of his rights, and specifically informed defendant that he did *not* have to talk with them if he did not want to. Defendant stated he understood his rights, knowingly and voluntarily waived his rights, and agreed to talk to the detectives.

The detectives asked defendant about the allegations of abuse concerning the 13-year-old girl, as well as his request that she send him lascivious images of herself. Approximately 34 minutes into the interview, defendant asserted his right to counsel.

The detectives continued to speak to defendant, although Detective Tarkalson specifically told defendant not to say anything. The detectives told defendant what would happen next. They told him he would be going to jail, and that an application for a search warrant for his residence was being prepared. They asked him about combinations to safes

and passwords for his computer equipment. Defendant provided an incorrect combination for a gun safe, but declined to provide the password for his computer equipment. At the end of the recording, defendant was booked into the Washington County Jail. The entire interaction in the interview room was recorded.

## II.   DISCUSSION

### A.   *Defendant Knowingly and Voluntarily Waived His Rights and Agreed to Speak with the Detectives.*

A suspect subject to custodial interrogation must be warned that he has the right to consult with an attorney and to have counsel present during questioning. *Davis v. United States*, 512 U.S. 452, 457 (1994). If the suspect waives his right to counsel after receiving *Miranda* warnings, "law enforcement officers are free to question him." *Id.* at 458. But if the suspect requests counsel, "he is not subject to further questioning until a lawyer has been made available or the suspect himself reinitiates conversation." *Id.*

Defendant was clearly in custody during the interview. He had been arrested following a traffic stop, he was handcuffed (although in front of his body), and the interview occurred at the sheriff's office. But he was properly advised of, understood, and voluntarily waived his rights.

At the outset of the recorded interview, Detective Tarkalson told defendant he had the right to remain silent, and asked if defendant understood that right. Defendant said he did. Detective Tarkalson told defendant that anything defendant said could and would be used against him in court, and asked if defendant understood that. Defendant said he did. Detective Tarkalson told defendant that he had the right to have an attorney present during questioning, and that if defendant could not afford an attorney, one would be appointed for

him.  Defendant understood that as well.  Detective Tarkalson made certain that defendant understood each component of his rights, and specifically told defendant, "You don't have to talk to us, as I told you earlier."  Defendant reiterated that he understood his rights, and said he wanted to talk to the detectives "to find out what's going on today."

The government must establish the voluntariness of defendant's statements by a preponderance of the evidence.  *United States v. Haswood*, 350 F.3d 1024, 1027 (9th Cir. 2003).  A confession is involuntary if it was coerced either by physical intimidation or psychological pressure.  *United States v. Shi*, 525 F.3d 709, 730 (9th Cir. 2008).  A confession is involuntary "if 'the defendant's will was overborne at the time he confessed.'" *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) (citation omitted).  "[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary.'" *Colorado v. Connelly*, 479 U.S. 157, 167 (1986).  "[T]o render a statement involuntary, coercion must exist to such a degree that the statement is not 'the product of an essentially free and unconstrained choice by its maker.'"  *Allen*, 408 F.3d at 1273 (citation omitted).

Here, the tone of the interview with defendant was conversational, although defendant and the detectives occasionally talked over one another.  There was no physical force, no yelling, no threats, and no promises.  Defendant's statements were entirely voluntary.

Because defendant was properly advised of and knowingly and voluntarily waived his rights, his statements, made after he was given *Miranda* warnings but before he asked for an attorney, are fully admissible.[1]

---

[1] The admissibility of defendant's recorded interview was challenged in the recent state prosecution. Washington County Circuit Court Judge Andrew R. Erwin found that the portions of defendant's statements made before he asked for an attorney were admissible. Judge Erwin ruled that the statements were made after defendant was properly advised of his *Miranda*

> B.   **The Government Will Not Seek to Introduce Any Statements Defendant Made after Invoking His Right to Counsel; That Part of Defendant's Motion is Moot.**

About 34 minutes into the interview, defendant told the detectives he wanted an attorney. At that point, Detective Tarkalson told defendant not to talk. He then outlined for defendant what would happen next. He told defendant that they were applying for a search warrant for his residence. He asked defendant if he had a gun safe, and asked for the combination. Defendant gave them *a* combination (but not the correct combination). Detective Tarkalson told defendant deputies would be searching for camera memory cards (described as "SD" cards), and asked if defendant wanted to tell them where the cards were located. Defendant did so. He declined to provide the password for his computer equipment.

The government does not intend to introduce any custodial statements defendant may have made prior to being advised of his rights, nor will the government play any portions of defendant's recorded statement made after he invoked his right to counsel. Accordingly, to the extent defendant seeks to suppress pre-*Miranda* or post-invocation statements, his motion is moot.

A motion to suppress is rendered moot when the government does not offer the evidence that is the subject of the motion to suppress. *United States v. Arias-Villanueva*, 998 F.2d 1491, 1502 (9th Cir. 1993), *overruled on other grounds by United States v. Jimenez-Ortega*, 472 F.3d 1102, 1103-04 (9th Cir. 2007). In Arias, the court affirmed the denial of defendant's motion to suppress the evidence seized from his home because the government did not introduce any evidence seized during that search at trial.

---

warnings, and that defendant knowingly, intelligently, and voluntarily waived his rights and agreed to speak with the detectives. The government intends to offer the same portions of the recorded interview that were deemed admissible in the prior state proceeding.

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO SUPPRESS STATEMENTS                                            PAGE 6

### III.    CONCLUSION

The bulk of defendant's statements were made after he was properly given *Miranda* warnings, but before he asked for an attorney. Defendant knowingly and voluntarily waived his rights, and agreed to speak to the detectives. His statements were entirely voluntary. To the extent that defendant seeks to suppress those statements, his motion should be denied. Since the government will not offer in its case in chief any custodial statements defendant made prior to receiving *Miranda* warnings or after asking for an attorney, the portion of defendant's motion seeking to suppress those statements should be denied as moot.

DATED this 20th day of April 2015.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

 */s/ Paul T. Maloney*
PAUL T. MALONEY
Special Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have made service of the foregoing Government's Response to Defendant's Motion to Suppress Statements on the party named below by electronic case filing at Portland, Oregon, on this 20th day of April 2015:

>Tom C. Borton and Andrew Coit
>Cohen & Coit, PC
>9200 SE Sunnybrook Ave, Suite 430
>Clackamas, Oregon  97015
>
>Attorneys for defendant

>*/s/ Paul T. Maloney*
>PAUL T. MALONEY
>Special Assistant United States Attorney