BILLY J. WILLIAMS, OSB #901366
United States Attorney
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
**GARY Y. SUSSMAN, OSB #87356**
Assistant United States Attorney
gary.sussman@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR   97204-2902
Telephone:   (503) 727-1000
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 3:13-CR-00557-SI |
| STEVEN DOUGLAS ROCKETT, | NOTICE OF INTENT TO INTRODUCE EVIDENCE UNDER FED. R. EVID. 414 |
| **Defendant.** | |

Pursuant to Fed. R. Evid. 414, the United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and Paul T. Maloney and Gary Y. Sussman, Assistant United States Attorneys, hereby gives notice that it intends to introduce at trial evidence of defendant's prior Oregon state convictions for first degree sexual abuse, second degree sodomy, second degree rape, and using a child in a display of sexually explicit conduct, in Washington County Circuit Court case number C131929CR.   Each of those crimes is a child molestation offense as defined in Rule 414(d).   In addition, the government will present

testimony from one of the child victims in that case (who is also a victim in this case), concerning her history of sexual abuse by defendant.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In March 2015, defendant was convicted following a jury trial in Washington County Circuit Court case number C131929CR of six counts of Sex Abuse in the First Degree, in violation of ORS 163.427 (Counts 2, 3, 5, 6, 13, and 14); three counts of Using a Child in a Display of Sexually Explicit Conduct, in violation of ORS 163.670 (Counts 4, 11, and 12); two counts of Sodomy in the Second Degree, in violation of ORS 163.395 (Counts 7 and 8); and two counts of Rape in the Second Degree, in violation of ORS 163.365 (Counts 9 and 10).   In addition, defendant pled guilty to one count of attempting to use a child in a display of sexually explicit conduct and two counts of invasion of privacy in a separate but related Washington County case.   Defendant was sentenced in both cases on March 17, 2015, to a total of 630 months' imprisonment, followed by a ten-year term of post-prison supervision.   His conviction in case number C131929CR is on appeal in the Oregon Court of Appeals.

The indictment in case number C131929CR alleges as follows:

| Count No. | Offense | Conduct Charged |
|---|---|---|
| 2 | Sex Abuse in the First Degree | Defendant subjected *NS1*, a person under 14, to sexual contact by touching her vagina.[1] |
| 3 | Sex Abuse in the First Degree | Defendant subjected *NS1*, a person under 14, to sexual contact by touching her vagina |

---

[1]   The minor children are identified by their full names in the Washington County indictment. They are sisters who have identical initials.   To protect their privacy, they will be identified herein as "*NS*," "*NS1*," and "*NS2*."

**Notice Of Intent To Introduce Evidence**
**Under Fed. R. Evid. 414**                                                                                                                     Page 2

| Count No. | Offense | Conduct Charged |
|---|---|---|
| 4 | Using a Child in a Display of Sexually Explicit Conduct | Defendant knowingly employed, authorized, permitted, compelled, or induced *NS2*, a child, to participate or engage in sexually explicit conduct for a person to record in a visual recording. |
| 5 | Sex Abuse in the First Degree | Defendant subjected *NS2*, a person under 14, to sexual contact by touching her vagina. |
| 6 | Sex Abuse in the First Degree | Defendant subjected *NS2*, a person under 14, to sexual contact by touching her vagina. |
| 7 | Sodomy in the Second Degree | Defendant knowingly engaged in deviate sexual intercourse with *NS*, a child under 14. |
| 8 | Sodomy in the Second Degree | Defendant knowingly engaged in deviate sexual intercourse with *NS*, a child under 14. |
| 9 | Rape in the Second Degree | Defendant knowingly engaged in sexual intercourse with *NS*, a child under 14. |
| 10 | Rape in the Second Degree | Defendant knowingly engaged in sexual intercourse with *NS*, a child under 14. |
| 11 | Using a Child in a Display of Sexually Explicit Conduct | Defendant knowingly employed, authorized, permitted, compelled, or induced *NS*, a child, to participate or engage in sexually explicit conduct for a person to record in a visual recording. |
| 12 | Using a Child in a Display of Sexually Explicit Conduct | Defendant knowingly employed, authorized, permitted, compelled, or induced *NS*, a child, to participate or engage in sexually explicit conduct for a person to record in a visual recording. |
| 14 | Sex Abuse in the First Degree | Defendant subjected *NS* to sexual contact by touching her vagina. |

A judgment of acquittal was entered on Count 1. The offenses alleged in case number C131929CR occurred between January 1, 2003, and March 10, 2013.

On November 20, 2013, a federal grand jury returned an indictment charging defendant with four counts of production or attempted production of child pornography, and one count of possession of child pornography (ECF 7, 8). On December 10, 2014, the grand jury returned a superseding indictment adding one count of production of child pornography outside of the United States intending that it be transported to the United States, and four counts of engaging in illicit sexual conduct in foreign places (foreign sex tourism) (ECF 34, 35). On December 16, 2015, the grand jury returned a second superseding indictment charging defendant with one count of production of child pornography outside of the United States, five counts of production or attempted production of child pornography, two counts of engaging in illicit sexual conduct in foreign places, and one count of possession of child pornography (ECF 57, 58). *NS* is one of the victims in this federal case.

The trial is scheduled to begin on May 16, 2016. At trial, the government intends to introduce evidence of defendant's Washington County convictions for first degree sex abuse, using a child in a display of sexually explicit conduct, second degree sodomy, and second degree rape.[2] Such evidence is admissible under Fed. R. Evid. 414 as to the production and attempted production counts, and the possession of child pornography count in the second superseding indictment. The government also plans to present the testimony of *NS*, who will

---

[2] The government will not seek to introduce evidence of defendant's Washington County convictions for attempting to use a child in a display of sexually explicit conduct and invasion of privacy.

**Notice Of Intent To Introduce Evidence**
**Under Fed. R. Evid. 414**                                                                 **Page 4**

describe acts of sexual abuse and sodomy defendant committed on her (and which resulted in convictions in the Washington County case). Defendant took photographs of the abuse as it was occurring. In addition, *NS* will describe attempts defendant made to induce her to take sexually explicit photos of herself for him, as alleged in Count 6 of the second superseding indictment.

## II. DISCUSSION

Rule 414(a) provides:

> In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

The term "child molestation" is defined in Rule 414(d)(2)(B) as a crime under federal law or under state law involving "any conduct prohibited by 18 U.S.C. chapter 110." Production of child pornography under 18 U.S.C. § 2251 falls squarely within chapter 110. So does possession of child pornography under 18 U.S.C. § 2252A. Accordingly, each of those counts constitutes an accusation of child molestation as defined in Fed. R. Evid. 414(d)(2)(B).

Defendant's Washington County convictions for first degree sexual abuse, second degree rape, second degree sodomy, and using a child in a display of sexually explicit conduct constitute acts of child molestation under Rule 414 as well. Rule 414 defines the term "child molestation" as "a crime under federal law or state law" involving "any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child," "any conduct prohibited by 18 U.S.C. chapter 110," "contact between any part of the defendant's body – or an object – and a child's genitals or anus," contact "between the defendant's genitals or anus and any part of a child's

**Notice Of Intent To Introduce Evidence**
**Under Fed. R. Evid. 414**                                                                 **Page 5**

body," or an attempt or conspiracy to engage in such conduct. Fed. R. Evid. 414(d)(2)(A)-(D) and (F). Rule 414(d)(1) defines a "child" as "a person below the age of 14."

18 U.S.C. § 2243(a), which falls within chapter 109A, prohibits engaging in a sexual act with a person over the age of 12 but under the age of 16, who is at least four years younger than the perpetrator. Section 2244, which is also in chapter 109A, prohibits knowingly engaging in or causing sexual contact with or by another person.

The term "sexual act" is defined in 18 U.S.C. § 2246(2), and includes:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

The term "sexual contact" is defined as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

18 U.S.C. § 2251(a), which is in chapter 110, prohibits employing, using, persuading, inducing, enticing, or coercing a minor to engage in sexually explicit conduct for the purpose

of producing a visual depiction of that conduct, or for the purpose of transmitting a live visual depiction of that conduct. The term "sexually explicit conduct" is defined in 18 U.S.C. § 2256(2)(A), and includes "sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex"; bestiality; masturbation; sadistic or masochistic abuse; or the lascivious exhibition of the genitals or pubic area of any person. The term "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image, whether or not stored in a permanent format. 18 U.S.C. § 2256(5). A "minor" is "any person under the age of eighteen years." 18 U.S.C. § 2256(1).

Under Oregon state law, the crime of first degree sexual abuse occurs when a person "[s]ubjects another person to sexual contact" and the victim "is less than 14 years of age," is subjected to forcible compulsion, or is incapable of consent due to mental defect, mental incapacitation, or physical helplessness. ORS 163.427 (1). The term "sexual contact" means "any touching of the sexual or other intimate parts of a person . . . for the purpose of arousing or gratifying the sexual desire of either party." OS 163.305(6).

A person commits the Oregon state offense of second degree rape if the person engages in sexual intercourse with a person who is less than 14 years of age. ORS 163.365(1). A person commits the offense of second degree sodomy if the person "engages in deviate sexual intercourse with another person" who is under 14 years of age. ORS 163.395(1). The term "sexual intercourse" has "its ordinary meaning and occurs upon any penetration, however slight." ORS 163.305(7). "Deviate sexual intercourse" means "sexual conduct between

persons consisting of contact between the sex organs of one person and the mouth or anus of another." ORS 163.305(1).

A person commits the Oregon state offense of using a child in a display of sexually explicit conduct if the person "employs, authorizes, permits, compels, or induces a child to participate or engage in sexually explicit conduct for any person to observe or to record in a visual recording." ORS 163.670(1). The term "sexually explicit conduct" means actual or simulated sexual intercourse or deviant sexual intercourse; "genital-genital, oral-genital, anal-genital or oral-anal contact, whether between persons of the same or opposite sex or between humans and animals"; penetration of the vagina or rectum by any object "other than as part of a medical diagnosis or treatment or as part of a person hygiene practice"; masturbation; sadistic or masochistic abuse; or the lewd exhibition of sexual or other intimate parts. ORS 163.665(3). The term "visual recording" incudes "photographs, films, videotapes and computer and other digital pictures, regardless of the manner in which the recording is stored." ORS 163.665(5). A "child" is a person who is less than 18 years of age. ORS 163.665(1).

Counts 2, 3, 5, 6, 13, and 14 of the Washington County indictment allege that defendant committed first degree sexual abuse of a child under the age of 14 by touching the child's vagina. That conduct constitutes sexual abuse of a minor under 18 U.S.C. § 2243, or abusive sexual contact under 18 U.S.C. § 2244. It also constitutes "contact between any part of the defendant's body . . . and a child's genitals or anus." Fed. R. Evid. 414(d)(2)(C). Counts 7 and 8 allege that defendant committed second degree sodomy by engaging in deviate sexual

intercourse with a child under 14 years of age, which would constitute sexual abuse of a minor under § 2243.  Counts 9 and 10 allege that defendant committed the crime of first degree rape by engaging in sexual intercourse with a child under the age of 14, which would also constitute sexual abuse of a minor under § 2243, and contact between defendant's body and a child's genitals under Rule 414(d)(2)(C).  Counts 4, 11, and 12 each allege that defendant employed, authorized, permitted, compelled, or induced a child to participate in or engage in sexually explicit conduct for a person to record in a visual recording.  That conduct amounts to production of child pornography under 18 U.S.C. § 2251.  Each of those crimes is therefore admissible under Rule 414; each "may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a).[3]

Under Rule 414(a), "the key to admissibility is relevance, and no independent evidence of the commission of the prior bad act is required." *United States v. Norris*, 428 F.3d 907, 913 (9th Cir. 2005).  The other act of child molestation may be proved through the introduction of a judgment of conviction, through the testimony of the victim, or even through the defendant's own admissions.  *See United States v. Redlightning*, 624 F.3d 1090, 1120 (9th Cir. 2010) (discussing methods of proving a prior sexual assault under Fed. R. Evid. 413). Evidence of another act of child molestation is admissible even if the other act occurred *after* the charged conduct.  *See United States v. Sioux*, 362 F.3d 1241, 1245 (9th Cir. 2004) (affirming the admission of a subsequent sexual assault under Rule 413).

---

[3]  *NS* is the victim named in Counts 7-14 of the Washington County indictment.

**Notice Of Intent To Introduce Evidence**
**Under Fed. R. Evid. 414**                                                                                                                      **Page 9**

The Supreme Court's decision in *Huddleston v. United States*, 485 U.S. 681 (1998), which governs the admissibility of other act evidence under Rule 404(b), "also controls the standard of proof required to admit evidence under Rules 413-415." *Norris*, 428 F.3d at 913-14. In *Huddleston*, the Supreme Court held that admission of other act evidence under Rule 404(b) is governed by Rule 104(b), the rule of conditional relevance. *Norris*, 428 F.3d at 914 (citation omitted). In determining whether there is sufficient evidence to satisfy Rule 104(b), a district court "is not required to make any preliminary finding that the government has proved the conditional fact." *Id.* Instead, the court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact" – that defendant committed the other act – "by a preponderance of the evidence." *Id.* (internal quotation marks and citation omitted).

Prior to 1994, admission of a defendant's prior crimes or acts was governed by Rule 404(b), which generally disallows such evidence when used to prove character in order to show action in conformity therewith. *United States v. LeMay*, 260 F.3d 1018, 1024 (9th Cir. 2001). Rule 414 "changes this general rule with respect to child molestation cases." *Id.* However, Rule 414 "is not a blank check entitling the government to introduce whatever evidence it wishes, no matter how minimally relevant and potentially devastating to the defendant." *Id.* at 1022. Evidence admitted under Rule 414 is still subject to Rule 403's balancing test. *Id. See also Norris*, 428 F.3d at 914.

Because of "the inherent strength" of Rule 414 evidence, courts, when conducting the Rule 403 inquiry, "should pay careful attention to both the significant probative value and the

strong prejudicial qualities" of the evidence.  *LeMay*, 260 F.3d at 1027 (internal quotation marks and citation omitted).   The Ninth Circuit has identified several factors that district courts "must evaluate in determining whether to admit evidence of a defendant's prior acts of sexual misconduct."  *Id.* at 1027-28.   Those factors are:

> (1)   the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial.

*Id.* at 1028 (internal quotation marks and citation omitted).   Those factors are "not exclusive," and district courts "should consider other factors relevant to individual cases."  *Id.*

On balance, the *LeMay* factors weigh in favor of admission here.   The crimes involved in the Washington County case are strikingly similar to the production and attempted production counts in the second superseding indictment.   Defendant sexually abused children under the age of 14, and either produced or attempted to produce visual depictions of them engaging in sexually explicit conduct.   Indeed, one of the victims in the Washington County case – *NS* – is also a victim in this federal case.   The acts in the Washington County cases occurred between January 1, 2003, and March 10, 2013, periods that overlap the offense dates in the second superseding indictment.   The Washington County case involved repeated offenses against several different children, including *NS*.   There were no intervening circumstances, apart from defendant's repeated travel to the Philippines.   The evidence will be highly probative of defendant's intent to produce and possess child pornography.   And since defendant was convicted of the Washington County offenses, the evidence that he committed them is "highly reliable."  *LeMay*, 260 F.3d at 1029.

The testimony of *NS* concerning prior acts of sexual abuse by defendant – which resulted in his conviction in Washington County – is highly probative on a number of issues. *NS*, who lived with defendant for a while, lost a smartphone defendant bought for her. He offered to replace it for her, but only if she came over to his house and "worked" to earn it. *NS* understood that "earning" the phone meant being sexually abused once again by defendant. She declined to do so, since the prior instances of sexual abuse left her emotionally scarred and gave her nightmares. Defendant told her he hoped she finds her lost phone. Evidence of the prior instances of sexual abuse are necessary to put defendant's remarks – which in the abstract have little meaning – into sharp focus for the jury.

In addition, the prior instances of sexual abuse give context and meaning to defendant's attempts to persuade or induce *NS* to take sexually explicit photographs of herself and send them to him. In various online messages, he directed her to take photos from the knees up, "front and back," and "no shy." Based on her prior interactions with defendant – including the sexually explicit images he took while sexually abusing her – she understood that defendant was asking her for sexually explicit images. That evidence is also highly probative of defendant's intent with respect to the attempted production of child pornography charge in Count 6 of the second superseding indictment.

Another factor this Court must consider is "whether the prior acts evidence [is] necessary to prove the case." *Id.* Such evidence "need not be *absolutely necessary* to the prosecution's case in order to be introduced; it must simply be helpful or *practically necessary*." *Id.* (emphasis in original). To the extent defendant denies producing,

attempting to produce, intending to produce, or possessing child pornography, evidence of his prior convictions for offenses involving the sexual abuse of minors (one of whom is also a victim in this case) and the Oregon state equivalent of production of child pornography will be both "helpful" and "practically necessary."  *Id.*

In *LeMay*, a child sexual abuse prosecution, the government's case rested largely on the testimony of the two minor victims (the defendant's nephews), whose credibility the defendant challenged.   The Ninth Circuit upheld the admission of evidence that the defendant sexually abused other young relatives eleven years earlier, even though the prosecutor "claimed that she could get a conviction without introducing LeMay's prior acts of molestation."   260 F.3d at 1029.   The Ninth Circuit held that the prosecutor's claim "does not suggest that the evidence was not 'necessary.'"   Id.

The Ninth Circuit recognized that two factors cut in LeMay's favor.   First, LeMay "was only twelve years old at the time of the 1989 molestations."  *Id.* at 1030.   And part of the evidence of the prior molestation came in through the testimony of the mother of the prior victims – testimony the Ninth Circuit described as "emotional and highly charged."  *Id.*  Nonetheless, the court affirmed admission of the evidence.   The court noted that "evidence of a defendant's prior acts of molestation will always be emotionally charged and inflammatory, as is the evidence that he committed the charged crimes."  *Id.*   Thus, "that prior acts evidence is inflammatory is not dispositive in and of itself."  *Id.*   Rather, district courts must "carefully evaluate the potential inflammatory nature of the proffered testimony," and balance it against

the testimony the jury has already heard, the relevance of the evidence, the necessity of introducing it, and other relevant factors. *Id.*

Here, defendant was well into adulthood when he committed and was convicted of the Washington County offenses. The fact of defendant's convictions can be established through documentary evidence. There will be testimony from *NS*, but she would testify as a witness in any event, since she is the victim identified in one of the attempted production counts in the second superseding indictment. Her testimony concerning the prior acts of sexual abuse by defendant puts his statements and his requests in context for the jury. The evidence is highly reliable, is clearly relevant, is not too remote, and is both helpful and practically necessary for the government to establish that defendant produced, intended to produce, attempted to produce, and possessed child pornography, particularly since two of defendant's computer hard drives used sophisticated encryption software that law enforcement was unable to overcome, rendering the data on them inaccessible. Evidence of defendant's prior convictions and the sexual abuse *NS* suffered at his hands is therefore admissible under Fed. R. Evid. 414, subject to an appropriate limiting instruction. *See United States v. Sheldon*, 730 F.3d 1128, 1132 (9th Cir. 2013) (affirming the introduction of evidence of the defendant's 1998 conviction for possession of child pornography in a prosecution for production and receipt of child pornography, where the government introduced "only the sanitized record that Defendant had been convicted of possession of child pornography without disclosing to the jury the details of Defendant's conduct that resulted in the conviction," the district court "properly considered the non-exhaustive factors" set forth in *LeMay*, and promptly instructed

the jury "they should only consider the evidence of the prior acts as they relate to the particular charge in this case").

### III. CONCLUSION

For the foregoing reasons, evidence of defendant's Washington County convictions and the testimony of *NS* concerning the sexual abuse she suffered should be admitted at trial under Fed. R. Evid. 414, subject to an appropriate limiting instruction.

DATED this 29th day of April 2016.

                                            Respectfully submitted,

                                            BILLY J. WILLIAMS
                                            United States Attorney

                                            */s/ Paul T. Maloney*
                                            PAUL T. MALONEY
                                            Assistant United States Attorney

                                            */s/ Gary Y. Sussman*
                                            GARY Y. SUSSMAN
                                            Assistant United States Attorney