CHELSEA B. PAYMENT, OSB #141125
ANDREW D. COIT, OSB #972378
Cohen & Coit, PC
9200 SE Sunnybrook Ave, Suite 430
Clackamas, OR 97015
Ph: 503-231-3419
Fax: 503-231-3420
Chelsea@cohencoit.com
Andrew@cohencoit.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN DOUGLAS ROCKETT,<br><br>Defendant. | Case No.: 3:13-CR-00557-SI<br><br>DEFENDANT'S PROPOSED JURY INSTRUCTIONS |

COMES NOW Defendant, Steven Douglas Rockett, through his attorneys Andrew D. Coit and Chelsea B. Payment, and respectfully requests that the United States District Court for the District of Oregon, Portland Division, provide the following instructions to the jury.

RESPECTUFLLY SUBMITTED this 2nd day of May, 2016.

/s/ ANDREW D. COIT
Andrew D. Coit, OSB #972378
Of Attorneys for Defendant

/s/ CHELSEA B. PAYMENT
Chelsea B. Payment, OSB #141125
Of Attorneys for Defendant

PAGE 1— DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant's Requested Instruction No. 1

## DUTY OF JURY

  Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed [written] instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

Ninth Circuit Model Criminal Jury Instructions § 1.1

Defendant's Requested Instruction No. 2

## THE CHARGES—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The charges against the defendant are contained in the indictment. The indictment is simply the description of the charges made by the government against the defendant; it is not evidence of anything. In order to help you follow the evidence, the next set of jury instructions will provide a brief summary of the elements of the crimes which the government must prove to make its case.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until proved guilty beyond a reasonable doubt. A defendant has the right to remain silent and never has to prove innocence or present any evidence.

These instructions are preliminary and the instructions I will give at the end of the case will control.

PAGE 3— DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant's Requested Instruction No. 3

## PRODUCING CHILD PORNOGRAPHY –
## CONDUCT OUTSIDE OF THE UNITED STATES

Count 1 charges defendant with producing child pornography, in violation with Section 2251(c) and (e) of Title 18 of the United States Code. In order for you to find the defendant guilty of this charge, the government must prove each of the four following elements beyond a reasonable doubt:

1)  At the time, the individuals were under the age of eighteen years; and

2)  The defendant, for the purpose of producing a visual depiction of such conduct, knowingly employed, used, persuaded, induced, enticed or coerced the individuals to take part in sexually explicit conduct outside of the United States; and

3)  The defendant did so for purposes of producing a visual depiction of such conduct; and

4)  The defendant intended the visual depiction to be transported to the United States by means or facilities across state lines or in foreign commerce.

**18 U.S.C. § 2251(c) and (e)**

Defendant's Requested Instruction No. 4

## SEXUALLY EXPLICIT CONDUCT – DEFINED

"Sexually explicit conduct" includes actual or simulated –

    1) Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

    2) Bestiality;

    3) Masturbation;

    4) Sadistic or masochistic abuse; or

    5) Lascivious exhibition of the genitals or pubic area of any person.

**18 U.S.C. § 2256(2)**

Defendant's Requested Instruction No. 5

## PRODUCING – DEFINED

The term "producing" includes producing, directing, manufacturing, issuing, publishing or advertising.

**18 U.S.C. § 2256(3)**

Defendant's Requested Instruction No. 6

## POSSESSION—DEFINED

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

Ninth Circuit Model Criminal Jury Instructions § 3.17

Defendant's Requested Instruction No. 7

## CHILD PORNOGRAPHY – DEFINED

"Child pornography" is defined broadly in 18 U.S.C. § 2256(8) to include visual depictions that are indistinguishable from that of a minor engaging in sexually explicit conduct and visual depictions adapted or modified to appear to be that of an identifiable minor engaging in sexually explicit conduct.

**18 U.S.C. § 2256(8)**

PAGE 8— DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant's Requested Instruction No. 8

## IDENTIFIABLE MINOR – DEFINED

"Identifiable Minor" means a person who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature, and

1) Who was a minor at the time the visual depiction was created, adapted, or modified; or

2) Whose image as a minor was used in creating, adapting, or modifying the visual depiction.

The government is not required to prove the actual identity of the identifiable minor.

**18 U.S.C. § 2256(9)**

Defendants Requested Jury Instruction No. 9

## INDISTINGUISHABLE – DEFINED

"Indistinguishable" used with respect to a depiction, means virtually indistinguishable such that an ordinary person viewing the depiction would conclude that the depiction is an actual minor engaged in sexually explicit conduct.  This definition does not apply to depictions that are drawings, cartoons, sculptures, or paintings depicting minors or adults.

**18 U.S.C. § 2256(11)**

Defendant's Requested Instruction No. 10

## VISUAL DEPICTION – DEFINED

"Visual depiction" includes undeveloped film and videotape, and data stored on a computer disk or by electronic means which is capable of conversion into a visual image, and also includes any photograph, film, video, picture, digital image or picture, computer image or picture, or computer generated image or picture, whether made or produced by electronic, mechanical, or other means.

**18 U.S.C. § 1466A(F)(1)**

Defendant's Requested Instruction No. 11

## LEWD AND LASCIVIOUS BEHAVIOR —DEFINED

In determining whether a visual depiction of a minor constitutes a "lascivious exhibition of the genitals or pubic area" under 18 U.S.C. § 2256(2), you must look to the following six (6) factors:

(1) Whether the focal point of the visual depiction is on the child's genitalia or pubic area;

(2) Whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

(3) Whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

(4) Whether the child is fully or partially clothed, or nude;

(5) Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

(6) Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

United States v. Dost, 636 F.Supp. 828 (S.D. Cal. 1986).

Defendant's Requested Jury Instruction No. 12

## COMPUTER – DEFINED

"Computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

**18 U.S.C. § 1030(e)(1)**

Defendant's Requested Instruction No. 13

## INTERNATIONAL TRAVEL AND ENGAGING
## IN A SEXUAL ACT WITH A MINOR

Count 2 charges defendant with traveling in foreign commerce to engage in illicit sexual conduct with a minor.  In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1) The defendant is a United States citizen; and

2) The defendant traveled in foreign commerce; and

3) The defendant engaged in illicit sexual conduct with an individual who was under the age of eighteen years; and

4) The conduct occurred on or about October 10, 2007 to on or about October 28, 2007.

**18 U.S.C. § 2423(c) and (e)**

Defendant's Requested Instruction No. 14

## INTERNATIONAL TRAVEL AND ENGAGING
## IN A SEXUAL ACT WITH A MINOR

Count 3 charges defendant with traveling in foreign commerce to engage in illicit sexual conduct with a minor.  In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1) The defendant is a United States citizen; and

2) The defendant traveled in foreign commerce; and

3) The defendant engaged in illicit sexual conduct with an individual who was under the age of eighteen years; and

4) The conduct occurred on or about January 27, 2010 to on or about February 16, 2010.

**18 U.S.C. § 2423(c) and (e)**

Defendant's Requested Instruction No. 15

## ILLICIT SEXUAL CONDUCT – DEFINED

"Illicit Sexual Conduct" means –

(1) A sexual act with a person under 18 years of age that occurred in the special maritime and territorial jurisdiction of the United States;

(2) Any commercial sex act with a person under 18 years of age; or

(3) Production of child pornography.

**18 U.S.C. § 2423(f)**

Defendant's Requested Instruction No. 16

**ATTEMPT —DEFINED**

A person attempts to commit a crime if (1) he or she knowingly takes a substantial step toward committing the offense, (2) with the intent to commit the offense. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the crime.

Mere preparation is not a substantial step toward committing the crime.  To constitute a substantial step, the defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

Defendant's Requested Instruction No. 17

## KNOWINGLY – DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Model Criminal Jury Instructions § 5.6

Defendant's Requested Instruction No. 18

## PRODUCING CHILD PORNOGRAPHY

Count 4 charges defendant with producing child pornography, in violation with Section 2251(a) and (e) of Title 18 of the United States Code. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1) At the time, "MG" was under the age of eighteen years; and

2) The defendant, for the purpose of producing a visual depiction of such conduct, knowingly employed, used, persuaded, induced, enticed or coerced "MG" to take part in sexually explicit conduct; and

3) The visual depiction of "MG" was produced using materials that had been mailed, shipped, transported across state lines or in foreign commerce by computer or other means.

**18 U.S.C. § 2251(a) and (e)**

PAGE 19— DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant's Requested Instruction No. 19

## PRODUCING CHILD PORNOGRAPHY

Count 5 charges defendant with producing child pornography, in violation with Section 2251(a) and (e) of Title 18 of the United States Code. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1) At the time, "HJ" was under the age of eighteen years; and

2) The defendant, for the purpose of producing a visual depiction of such conduct, knowingly employed, used, persuaded, induced, enticed or coerced "HJ" to take part in sexually explicit conduct; and

3) The visual depiction of "HJ" was produced using materials that had been mailed, shipped, transported across state lines or in foreign commerce by computer or other means.

**18 U.S.C. § 2251(a) and (e)**

Defendant's Requested Instruction No. 20

## PRODUCING CHILD PORNOGRAPHY

Count 6 charges defendant with producing child pornography, in violation with Section 2251(a) and (e) of Title 18 of the United States Code. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1) At the time, "NS" was under the age of eighteen years; and

2) The defendant, for the purpose of producing a visual depiction of such conduct, knowingly employed, used, persuaded, induced, enticed or coerced "NS" to take part in sexually explicit conduct; and

3) The visual depiction of "NS" was produced using materials that had been mailed, shipped, transported across state lines or in foreign commerce by computer or other means.

**18 U.S.C. § 2251(a) and (e)**

Defendant's Requested Instruction No. 21

## PRODUCING CHILD PORNOGRAPHY

Count 7 charges defendant with producing child pornography, in violation with Section 2251(a) and (e) of Title 18 of the United States Code. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1) At the time, "DS" was under the age of eighteen years; and

2) The defendant, for the purpose of producing a visual depiction of such conduct, knowingly employed, used, persuaded, induced, enticed or coerced "DS" to take part in sexually explicit conduct; and

3) The visual depiction of "DS" was produced using materials that had been mailed, shipped, transported across state lines or in foreign commerce by computer or other means.

**18 U.S.C. § 2251(a) and (e)**

Defendant's Requested Instruction No. 22

## PRODUCING CHILD PORNOGRAPHY

Count 8 charges defendant with producing child pornography, in violation with Section 2251(a) and (e) of Title 18 of the United States Code. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1) At the time, "BS" was under the age of eighteen years; and

2) The defendant, for the purpose of producing a visual depiction of such conduct, knowingly employed, used, persuaded, induced, enticed or coerced "BS" to take part in sexually explicit conduct; and

3) The visual depiction of "BS" was produced using materials that had been mailed, shipped, transported across state lines or in foreign commerce by computer or other means.

**18 U.S.C. § 2251(a) and (e)**

Defendant's Requested Instruction No. 23

## INTENT —DEFINED

Defendant is charged with Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  A person intends to view material that contains an image of child pornography if he or she acts with a conscious objective to engage in that particular conduct. When used in the phrase "knowingly accesses with intent to view any material that contains an image of child pornography," "with intent" means that the person acts with a conscious objective to engage in the conduct that results in viewing child pornography.

Defendant's Requested Instruction No. 24

## POSSESSION OF CHILD PORNOGRAPHY

Count 9 charges defendant with possession of child pornography in violation of Section 2252A(a)(5)(B) and (b)(2) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1) The defendant knowingly possessed images that contained visual depictions of minors engaged in sexually explicit conduct; and

2) The visual depictions are child pornography; and

3) The defendant knew the images or visual depictions involved minors engaged in sexually explicit conduct; and

4) The defendant intended to view the images or visual depictions involving minor engaged in sexually explicit conduct; and

5) The visual depictions were mailed, shipped, or transported in interstate or foreign commerce, including by a computer, or that the visual depictions were produced using materials that had been mailed, shipped or transported in interstate or foreign commerce by computer or other means.

**18 U.S.C. § 2252A(a)(5)(B) and (b)(2)**

Defendant's Requested Instruction No. 25

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which all the lawyers stipulate. (*if applicable*)


Ninth Circuit Model Criminal Jury Instructions § 1.3

Defendant's Requested Instruction No. 26

## WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

      1)      statements and arguments of the attorneys;

      2)      questions and objections of the attorneys;

      3)      testimony that I instruct you to disregard; and

      4)      anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instructions § 1.4

Defendant's Requested Instruction No. 27

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions § 1.5

Defendant's Requested Instruction No. 28

## RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

Ninth Circuit Model Criminal Jury Instructions § 1.6

Defendant's Requested Instruction No. 29

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1) the witness's opportunity and ability to see or hear or know the things testified to;

2) the witness's memory;

3) the witness's manner while testifying;

4) the witness's interest in the outcome of the case, if any;

5) the witness's bias or prejudice, if any;

6) whether other evidence contradicted the witness's testimony;

7) the reasonableness of the witness's testimony in light of all the evidence; and

8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions § 1.7

Defendant's Requested Instruction No. 30

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case. Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it: do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

PAGE 31— DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Ninth Circuit Model Criminal Jury Instructions § 1.8

Defendant's Requested Instruction No. 31

## NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instructions § 1.9

Defendant's Requested Instruction No. 32

## **TAKING NOTES**

      If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the court room.  No one will read your notes.

      Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions § 1.10

Defendant's Requested Instruction No. 33

## OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Criminal Jury Instructions § 1.11

Defendant's Requested Instruction No. 34

## CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

Ninth Circuit Model Criminal Jury Instructions § 2.1

Defendant's Requested Instruction No. 35

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.

Ninth Circuit Model Criminal Jury Instructions § 2.2

Defendant's Requested Instruction No. 36 (if applicable)

## STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

Ninth Circuit Model Criminal Jury Instructions § 2.4

Defendant's Requested Instruction No. 37 (if applicable)

## DEFENDANT'S PREVIOUS TRIAL

You have heard evidence that the defendant has been tried before. Keep in mind, however, that you must decide this case solely on the evidence presented to you in this trial. You are not to consider the fact of a previous trial in deciding this case.

Ninth Circuit Model Criminal Jury Instructions § 2.15

Defendant's Requested Instruction No. 38

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Ninth Circuit Model Criminal Jury Instructions § 3.1

Defendant's Requested Instruction No. 39

## CHARGE AGAINST DEFENDANT NOT EVIDENCE— PRESUMPTION OF INNOCENCE— BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions § 3.2

Defendant's Requested Instruction No. 40 (if applicable)

## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

Ninth Circuit Model Criminal Jury Instructions § 3.3

Defendant's Requested Instruction No. 41 (if applicable)

## DEFENDANT'S DECISION TO TESTIFY

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instructions § 3.4

Defendant's Requested Jury Instruction No. 42

## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Criminal Jury Instructions § 3.5

Defendant's Requested Instruction No. 43

## ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Model Criminal Jury Instructions § 3.10

Defendant's Requested Instruction No. 44

## STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Criminal Jury Instructions § 4.1

Defendant's Requested Instruction No. 45 (*if applicable*)


**OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT**


You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.


Ninth Circuit Model Criminal Jury Instructions § 4.3

Defendant's Requested Instruction No. 46

## OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions § 4.14

Defendant's Requested Instruction No. 47 (*if applicable*)


**SUMMARIES NOT RECEIVED IN EVIDENCE**


During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.


Ninth Circuit Model Criminal Jury Instructions § 4.15

Defendant's Requested Instruction No. 48 (*if applicable*)


## CHARTS AND SUMMARIES IN EVIDENCE


Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.


Ninth Circuit Model Criminal Jury Instructions § 4.16

Defendant's Requested Instruction No. 49


## **DUTY TO DELIBERATE**


When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.


Ninth Circuit Model Criminal Jury Instructions § 7.1

Defendant's Requested Instruction No. 50

**CONSIDERATION OF EVIDENCE**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instructions § 7.2

Defendant's Requested Instruction No. 51

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

Ninth Circuit Model Criminal Jury Instructions § 7.3

Defendant's Requested Instruction No. 52

## VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instructions § 7.5

Defendant's Requested Instruction No. 53

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instructions § 7.6