ANDREW D. COIT, OSB# 972378
CHELSEA B. PAYMENT, OSB #141125
COHEN & COIT, P.C.
9200 SE Sunnybrook Ave, Suite 430
Clackamas, OR 97015
Ph: 503-231-3419
Fax: 503-231-3420
Email: andrew@cohencoit.com
Email: chelsea@cohencoit.com
Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN DOUGLAS ROCKETT,<br><br>Defendant. | Case No.: 3:13-CR-00557-SI<br><br>MOTION IN LIMINE TO EXCLUDE DEFENDANT'S PRIOR CONVICTIONS AND PRIOR BAD ACT EVIDENCE |

Defendant, STEVEN DOUGLAS ROCKETT, by and through his attorneys, Andrew D.

Coit and Chelsea B. Payment, of Cohen & Coit P.C., moves this Court for an order excluding the

following evidence:

1.    Defendant's prior convictions in *State of Oregon vs. Steven Douglas Rockett*,

Washington County Case Numbers: C131929CR and C132673CR.

2.    Prior bad acts evidence offered to show action in conformity therewith, including:

a.    Defendant's e-mails, chats, and/or Facebook communications

with individuals not witnesses or victims in this case;

PAGE 1- MOTION IN LIMINE TO EXCLUDE EVIDENCE

b.      Prior bad acts evidence pertaining to criminal investigations of defendant in Sacramento, California in 1998, Washington County, Oregon in 2005, Washington County, Oregon in 2012, and Forest Grove, Oregon in 2013;

c.      Statements made by defendant's ex-wife, Christine Jumao (f.k.a. Rockett) alleging defendant perpetrated domestic violence against her;

d.      Statements made by defendant's ex-wife, Christine Jumao (f.k.a. Rockett) describing specific sex acts between herself and defendant;

e.      Evidence that defendant allegedly published sexually explicit photographs of his ex-wife, Christine Jumao (f.k.a. Rockett), on the internet;

f.      Evidence pertaining to the alleged communications and/or chats discovered on defendant's computer within the folder titled "Begging;"

g.      Videos and photographs not directly pertaining to the alleged victims in this case; and

h.      Any other unpled misconduct evidence.

As defendant is not certain which specific evidence the government intends to offer in this case, this motion is intended to generally address admissibility of evidence that may be offered by the government.

I.      ARGUMENT

A.      Defendant's Prior Alleged Bad Acts Involving Child Molestation Should Be Excluded Under Federal Rule of Evidence 403.

On or about March 17, 2015 in the State of Oregon, Washington County Circuit Court, defendant was convicted of the crimes of Sexual Abuse in the First Degree (Class B felony, Counts 2, 3, 5, 6, 13, and 14, Case Number: C131929CR), Using a Child in Display of Sexually Explicit Conduct (Class A felony, Counts 4, 11, and 12, Case Number: C131929CR), Sodomy in

the Second Degree (Class B felony, Counts 7 and 8, Case Number: C131929CR), Rape in the

Second Degree (Class B felony, Counts 9 and 10, Case Number: C131929CR), and Attempted

Using a Child in a Display of Sexually Explicit Conduct (Class B felony, Count 1, Case Number:

C132673CR). Defendant anticipates the government will seal admission of these bad acts under

FRE 414.

However, in determining whether to admit evidence of defendant's prior felony

convictions involving child sex crimes the court must balance the probative value of the evidence

against its prejudicial effect on the defendant in light of FRE 414, which governs admissibility of

evidence that defendant committed prior child molestation crimes. FRE 414 provides, "the court

may admit evidence that the defendant committed any other child molestation. The evidence may

be considered on any matter which it is relevant." Fed. R. Evid. 414(a).  However, FRE 414 "is

not a blank check entitling the government to introduce whatever evidence it wishes, no matter

how minimally relevant and potentially devastating to the defendant." United States v. LeMay,

260 F.3d 1018 (9th Cir. 2001), certiorari denied 122 S.Ct. 1181, 534 U.S. 1166.  FRE 414 further

provides, "[t]his rule does not limit the admission or consideration of evidence under any other

rule." Fed. R. Evid. 414(c). When determining whether to admit such evidence, the court must

employ a test under which probative value of evidence is balanced against its prejudicial effect to

ensure that evidence which jeopardizes right to fair trial will be excluded. LeMay at 1030 (9th

Cir. 2001).  The Court must apply the FRE 403 balancing test in a manner that allows

meaningful appellate review. Id. at 1031. In Glanzer, the court provided that "[b]ecause of the

inherent strength of the evidence that is covered by [FRE 414] when putting this type of evidence

through the [FRE 403] microscope, a court should pay 'careful attention to both the significant

probative value and the strong prejudicial qualities' of that evidence." Doe by Rudy-Glanzer v.

Glanzer, 232 F.3d 1258, 1268 (9th Cir. 2000) (quoting United States v. Guardia, 135 F.3d 1326, 1330 (10th Cir.1998)).

In Glanzer the court outlined the following five factors district court judges must consider in its FRE 403 analysis in determining whether to admit evidence of a defendant's prior acts of child molestation: (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial.  See Glanzer at 1268-69 (9th Cir. 2000); see also LeMay at 1027-28 (9th Cir. 2001). The Court must balance the public's interest in convicting defendants charged with child sexual abuse crimes with the right of the defendant not to be convicted for his previous acts, but the crimes charged. See LeMay at 1033 (Paez, C.J., concurring in part and dissenting in part) (2001). "The best way for district courts to balance these competing interests is to conduct the FRE 403 analysis on the record, carefully considering each of the factors, and others as necessary, identified by this court in Glanzer." Id.

In considering the five factors outlined by Glanzer, while defendant's prior convictions pertain to child molestations and are similar to the crimes charged in the present case, close in time to the crimes charged in the present case, could be argued as frequent, and lacked intervening circumstances, evidence of defendant's prior convictions are not necessary to support the government's case beyond the testimony that will be offered at trial.  Defendant's prior child molestation convictions are not relevant to bolster the credibility of witnesses against defendant and the government is likely to be offering evidence to corroborate their testimony that will suffice in bolstering witness credibility, thereby removing the need to admit defendant's prior convictions.

PAGE 4- MOTION IN LIMINE TO EXCLUDE EVIDENCE

Here, the probative value of defendant's prior convictions of child molestation is substantially outweighed by its prejudicial effect. The court should exclude evidence of defendant's prior convictions in light of FRE 414 because there exists a substantial likelihood the jury would draw an impermissible inference on the basis of this evidence in making its decision. Should the jury be permitted to learn of the specific underlying offenses of defendant's prior convictions, a juror could easily be lured into a sequence of bad character reasoning and come to a conclusion not based solely on the facts of the present case.

B.    <u>Defendant's Prior Convictions Should Be Excluded Under Federal Rule of Evidence 609 and Federal Rule of Evidence 403 As The Prejudicial Value Substantially Outweighs Any Probative Effect.</u>

Pursuant to FRE 609(a)(2), none of defendant's prior convictions involve crimes of dishonesty or false statements.  Because defendant's prior convictions involve child sex crimes, admitting defendant's prior convictions would prove to be highly prejudicial and should be excluded pursuant to Rule 609(a)(1). Federal Rule of Evidence 609 provides that evidence of a prior felony conviction within the preceding ten years may be used to impeach a defendant-witness "if the court determines that the probative value of the evidence *outweighs its prejudicial effect to that defendant*" (emphasis added). Fed. R. Evid. 609(a)(1)(B). In addition, any conviction for a crime that "involved dishonesty or false statement" is *per se* admissible for impeachment purposes. Fed. R. Evid. 609(a)(2). While FRE 403, directs a court to admit evidence where its probative value is equal or conceivably less than its prejudicial effect, under Rule 609(a)(1) a court may only admit prior conviction evidence where the probative value of such evidence is <u>greater</u> than its prejudicial impact.  <u>See</u> Fed. R. Evid. 403.

Upon considering the five factors in determining whether to allow the jury to learn of defendant's prior convictions of child molestation, FRE 609 ultimately requires the Court determine whether the probative value of defendant's prior felony convictions outweighs the risk

of prejudicial misuse to defendant. See Fed. R. Evid. 609(a)(1)(B). A judge should balance these factors not only for the item in question but also for any actually available substitutes. If an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by the danger of unfair prejudicial risk. See Old Chief v. United States, 519 US 172 (1997).

In Old Chief, the defendant offered to stipulate that he was previously convicted of a "crime punishable by imprisonment for a term exceeding one year" in a prosecution for Felon in Possession of a Firearm.  The Supreme Court held that defendant's offer to stipulate to an element of a crime is relevant evidence that must be factored into a district court's analysis under Fed. R. Evid. 403.  In Old Chief, the Court stated that the district court should balance the probative value of a given evidentiary item against its prejudicial potential in the following way:

> "On objection, the court would decide whether a particular item of evidence raised a danger of unfair prejudice.  If it did, the judge would go on to evaluate the degrees of probative value and unfair prejudice not only for the item in question but for any actually available substitutes as well.   If an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial risk."

Id. at 182-83.  Defendant submits his prior convictions raise a substantial risk of the danger of unfair prejudice and should be excluded.

Should the court deny defendant's request to exclude evidence of his prior convictions of child molestation, defendant may offer to stipulate that he was convicted of crimes punishable by imprisonment for terms exceeding one year.  The government may argue the specific nature and details of defendant's prior convictions are relevant and admissible however, defendant asserts the stipulation or admission that he has prior convictions has evidentiary value and gives the jury

the most information it needs to know: that defendant has previously been convicted crimes punishable by imprisonment exceeding terms of one year.

Admitting evidence of the specific nature and details of defendant's prior convictions of child molestation carries a substantial risk of unfair prejudice that outweighs the probative value of these convictions. Defendant objects to the specific details of these convictions being admitted as evidence as the risk is substantial that the jury will improperly consider these prior convictions as evidence that defendant is guilty of the crimes charged in the present case. While there is no question that evidence of defendant's prior convictions carries a substantial risk of unfair prejudice, if the Court nevertheless permits the government to introduce defendant's prior convictions over defendant's objection, it would be improper for the government to inquire into the specifics of the offenses. See United States v. Robinson, 8 F.3d 398, 409 (7th Cir. 1993). See also Tucker v. United States, 409 F.2d 1291, 1294, n.2 (5th Cir. 1969). Instead, the government should be permitted only to make a limited inquiry concerning the date, the nature of the offense and the fact of conviction. Id. The circumstances and details of the prior criminal conduct should not be explored by the prosecutor. Id.

The court should exclude evidence of defendant's prior convictions because they are highly prejudicial to defendant due to their similarity to the child molestation crimes charged in the present case, and unnecessary to bolster the credibility of witnesses called by the government. The probative value of defendant's prior child molestation convictions simply does not outweigh and is not greater than their prejudicial effect to defendant and should be excluded pursuant to Rule 609(a)(1)(B). Should the Court allow evidence of defendant's prior child molestation convictions over defendant's objection, the Court should limit the evidence to the less prejudicial alternative with defendant's stipulation that he has previously been committed of

crimes punishable by imprisonment over one year, and prevent the government from inquiring as to the specific details of the child molestation offenses.

C.    The Court Must Balance Probative Value Against Prejudicial Effect when Determining Whether to Limit the Admissibility of Other Prior "Bad Act" and/or Propensity Evidence.

Defendant anticipates the government will also try to admit other "bad act" evidence as outlined above. While the Ninth Circuit has described Rule 404(b) as a "rule of inclusion," it has also urged caution in applying the rule. In United States v. Hodges, 770 F.2d 1475 (9th Cir. 1985), for example, the court noted: extrinsic acts evidence "is not looked upon with favor" and ... its use "must be narrowly circumscribed and limited." A reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is. Under our system, an individual may be convicted only for the offense for which he is charged and not for other unrelated criminal acts which he may have committed. Therefore, the guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing." Id. at 1479 (citations omitted). See also United States v. Brown, 880 F.2d 1012, 1014 (9th Cir. 1989).

The requirements of the United States Constitution limit the admissibility of prior bad act and/or propensity evidence against a criminal defendant.  In particular, Rule 404 (Character Evidence; Crimes, Wrongs or Other Acts) and Rule 403 (Exclusion of Relevant Evidence on Grounds of Unfair Prejudice, Confusing the Issues, Misleading the Jury, Undue Delay, Wasting Time, or Needlessly Presenting Cumulative Evidence) limit the admissibility of prior bad act and/or propensity evidence against a criminal defendant to prove action in conformity therewith.

///

PAGE 8- MOTION IN LIMINE TO EXCLUDE EVIDENCE

**Rule 404:**

FRE 404(b) specifically provides:

"[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

**Rule 403:**

FRE 403 requires prior bad act evidence be subject to balancing for admissibility,

specifically:

"[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Rule 404(b) protects against the danger that the jury will either punish the defendant for offenses other than those charged, or convict the defendant when unsure of guilt because it is convinced that the defendant has a propensity to engage in illegal activity.  See United States v. Brown, 880 F.2d 1012, 1014 (9th Cir. 1989) ([T]he rule is designed to avoid a danger that the jury will punish the defendant for offenses other than the offense charged, or at least will convict when unsure of guilty, because it is convinced the defendant is a bad man deserving of punishment).

The test for admissibility of prior bad acts evidence under Rue 404 is a four-factor one. See United States v. Montgomery, 150 F.3d 983 (9th Cir. 1998).  The four requirements for admissibility are: (1) that the evidence tends to prove a material issue in the case; (2) that the prior act is not too remote in time; (3) that the evidence is sufficient to support a finding that the defendant committed the other act; and (4) that, in at least some cases, the act is similar to the offense charged. United States v. Vizcarra-Martinez 66 F.3d 1006, 1013 (9th Cir. 1995) (quoting United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir. 1994)).  Moreover, the Ninth Circuit

requires the government to "'articulate precisely the evidential hypothesis by which a fact of

consequence may be inferred from the other acts evidence.'" United States v. Mayans, 17 F.3d

1174, 1181 (9th Cir. 1994) (quoting United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir.

1982)).

      Even if evidence of defendant's prior bad acts satisfies the four-part test of Rule 404(b), it

also must satisfy the Rule 403 balancing test: its probative value must not be substantially

outweighed by the danger of unfair prejudice. United States v. Montgomery, 150 F.3d 983,

1000-01 (9th Cir. 1998).  The Government has the burden of demonstrating that the evidence of

other crimes or prior bad acts satisfies this requirement. Id. at 1001; see also State of Arizona v.

Elmer, 21 F.3d 331, 336 (9th Cir. 1994) (We have emphasized consistently that evidence of

extrinsic acts may not be introduced unless the government establishes its relevance to an actual

issue in the case) (quoting United States v. Hodges, 770 F.2d 1475, 1479 (9th Cir. 1985)).

      Accordingly, in applying FRE 403 balancing, even if the evidence at issue is offered for a

legitimate, non-propensity purpose under FRE 404(b), it should still be excluded pursuant to

FRE 403 if its probative value is "substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of

time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  For the purposes of

FRE 403, "[t]he term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of

some concededly relevant evidence to lure the factfinder into declaring guilt on a ground

different from proof specific to the offense charged." Old Chief v. United States, 519 U.S. 172,

180 (1997).

The Due Process Clause limits both the purposes and circumstances for which a court may receive evidence of prior criminal activity by a defendant.[1]  As the Supreme Court explained in <u>Michelson v. United States</u>, 335 US 469, 479, 69 SCt 213, 93 LEd 169 (1948), "courts that follow the common law tradition almost unanimously have come to disallow resort by the prosecution to any kind of evidence of a defendant's evil character to establish a probability of his guilt." <u>Id</u>. at 475 (citations omitted).  The court explained the reason why as follows:

> "[t]he state may not show defendant's prior trouble with the law, specific criminal acts, or ill name among his neighbors, even though such facts might logically be persuasive that he is by propensity a probable perpetrator of the crime.  The inquiry is not rejected because character is irrelevant; on the contrary, it said to weigh too much with the jury and to so over persuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge.  The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice."

<u>Id</u>. at 475-76 (footnotes admitted).  <u>See also</u> <u>Estelle v. McGuire</u>, 502 US 62, 116 LEd2d 385, 112 SCt 475 (1991) (Evidence of intent in the form of "battered child syndrome" may not be considered to prove that the defendant "is a person of bad character or that he has a disposition to commit crimes").

The Ninth Circuit has likewise emphasized that it is an "underlying premise of our criminal justice system that the defendant must be tried for what he did, not for who he is.  Thus, guilt or innocence of the accused must be established by evidence relevant to the particular

---

[1].  These limitations generally do not apply where the defendant puts his character into issue.  In <u>Michelson v. United States</u>, 335 US 469, 479, 69 SCt 213, 93 LEd 169 (1948), the Supreme Court explained that "[t]he price a defendant must pay for attempting to prove his good name is to throw open the entire subject <u>which the law has kept closed for his benefit</u> and to make himself vulnerable <u>where the law otherwise shields him</u>." <u>Id</u>. at 479 (emphasis added).

offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing." United States v. Bradley, 5 F3d 1317, 1321 (9th Cir 1993) (quotations omitted).  See also United States v. Torres-Flores, 827 F2d 1031, 1036 (5th Cir 1987) ("A basic tenet of our criminal law is that a person must not be convicted based on the jury's assumption that the person is bad because he committed some unrelated crime in the past"); United States v. Lavelle, 751 F2d 1266, 1275 (DC Cir 1985) ("jury should not premise its verdict upon a general evaluation of the defendant's character but rather upon an assessment of the evidence relevant to the particular crime with which the defendant is presently charged"), cert denied 474 US 817, 106 SCt 62, 88 LEd2d 51 (1985).

As the court emphasized in United States v. Shackleford, 738 F2d 776 (7th Cir 1984), "[e]xcept in unusual circumstances, emanations from evidence of a defendant's bad acts are almost always suggestive of a defendant's propensity to commit other bad or criminal acts and tend to impugn his or her credibility, and errors in admitting such evidence often go to the fundamental fairness of the trial." Id. at 783.  Carefully delineated rules of evidence exist precisely "because of the enormous danger of prejudice to the defendant that evidence of other crimes creates." United States v. Shelton, 628 F2d 54, 56 (DC Cir 1980).

"[I]n a due process analysis of questioned evidence, the issue is whether the probative value of the evidence outweighs the prejudice to the accused ...." United States ex rel Palmer v. DeRoberts, 738 F2d 168, 171 (7th Cir 1984), cert. denied, 469 US 924 (1984).  "When it must be said that the probative value of such evidence though relevant, is greatly outweighed by the prejudice to the accused from its admission, then the use of such evidence by a state may rise to the posture of the denial of fundamental fairness and due process of law." United States v. Pate, 426 F2d 1083, 1087 (7th Cir 1970), cert. denied sub nom Durso v. Pate, 400 US 995, 91 SCt

469, 27 LEd2d 445 (1971). See also Logan v. Lockhart, 994 F2d 1324, 1330 (8th Cir 1993)

("Questions regarding admissibility of evidence are matters of state law, and they are reviewed in

federal habeas inquiries only to determine whether an alleged error infringes upon a specific

constitutional protection or is so prejudicial as to be a denial of due process"), cert. denied 510

US 1057 (1993); Berrisford v. Wood, 826 F2d 747, 749 (8th Cir 1987) (state court evidentiary

ruling will be reversed if it "infringes upon a specific federal constitutional right or is so grossly

or conspicuously prejudicial that it fatally infected the trial and denied the defendant the

fundamental fairness that is the essence of due process"), cert denied 484 US 1016, 108 SCt 722,

98 LEd2d 671 (1988); Lesko v. Owens, 881 F2d 44, 51 (3rd Cir 1989) ("a reviewing court must

examine the relative probative and prejudicial value of evidence to determine whether its

admission violated defendant's right to a fair trial"), cert denied 493 US 1036, 110 SCt 759, 107

LEd2d 775 (1990).

    The issue of admissibility of prior bad act evidence was addressed in McKinney v. Rees,

993 F2d 1378 (9th Cir 1993), cert denied 510 US 1020, 114 SCt 622, 126 LEd2d 586 (1993).

There the Ninth Circuit held that the defendant's right to due process was violated where his trial

was "so infused with irrelevant prejudicial evidence as to be fundamentally unfair." Id. at 1386.

The McKinney case involved a state court murder trial in which the defendant was accused of

murdering his mother by slitting her throat. At trial, the state offered evidence that the defendant

was proud of his "knife collection," that on occasion he strapped a knife to his body while

wearing camouflage pants, and that he used a knife to scratch the words "Death is His" on the

door to his closet in his dormitory room. The Ninth Circuit held that this evidence constituted

impermissible propensity evidence offered to prove the defendant's character and not any

element of the offense with which the defendant was charged. The court concluded that the

erroneous admission of propensity evidence rendered the defendant's trial fundamentally unfair

in violation of due process:

> "[h]is was not the trial by peers promised by the Constitution of the
> United States, conducted in accordance with centuries-old
> fundamental conceptions of justice.  It is part of our community's
> sense of fair play that people are convicted because of what they
> have done, not who they are."

Id. at 1386.

Likewise, in Henry v. Estelle, 993 F2d 1423 (9th Cir 1993), cert. granted, judgment rev'd

on other grounds sub nom Duncan v. Henry, 513 US 364, 115 SCt 887, 130 LEd2d 865 (1995),

the court held that defendant's right to due process was violated.  In a trial for child molestation,

the trial court had admitted evidence of an uncharged crime of prior molestation and given a jury

instruction emphasizing that evidence. The court of appeals found that the evidence was not

probative of any material issue in this case:

> "[t]here was no evidence that Henry had committed the uncharged
> act, it was remote in time, and the only inference that the jury
> could have drawn from the testimony was that Henry had molested
> Hackett's son and was a person of depraved character who was
> consequently more likely to have molested Andrew.  This
> inference is impermissible."

Id. at 1427.  The court held that this testimony was "particularly prejudicial given the

'emotionally charged atmosphere present in any child abuse prosecution.'"  Id. at 1428.[2]

---

[2] The subsequently enacted Federal Rules of Evidence 413-415 permit prosecutors or civil
plaintiffs to proffer evidence of prior similar sexual assaults and allow the evidence, once
admitted, to be "considered for its bearing on any matter to which it is relevant." Nonetheless, a
balancing test is still constitutionally required.  In Frank v. County of Hudson, 924 F Supp 620
(DNJ 1996), a sexual harassment suit where the plaintiffs sought to introduce evidence of a prior
allegation of sexual assault against the defendant's stepdaughter, the court balanced prejudicial
effect against probative value.  In finding that the potential for prejudice outweighed the
probative value, the court emphasized that "[c]hild sexual abuse deservedly carries a unique

In the present case, prior bad acts evidence will have undue emotional impact on the jury. The nature of the evidence is likely to confuse and mislead the jury.  The bad act evidence could inflame the jury and cause the jury to render an improper decision.

## CONCLUSION

For these reasons, defendant moves to exclude prior bad act and propensity evidence and to limit the government from offering evidence of defendant's prior convictions of child molestation at trial.

RESPECTFULLY SUBMITTED this 2nd day of May, 2016.

*/s/ ANDREW D. COIT*
Andrew D. Coit
Attorney for Defendant

---

stigma in our society; such highly prejudicial evidence should therefore carry a very high degree of probative value if it is to be admitted."  Id. at 626-27.

**Certificate of Service**

       I hereby certify that on May 2, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which provides notification of such filing to the following individual(s):

Paul T. Maloney
Special Prosecutor U.S. Attorney's Office
150 N 1st Ave, Suite 300 MS 40
Hillsboro, OR 97124
paul_maloney@co.washington.or.us

Gary Sussman
US Attorney's Office
District of Oregon
1000 SW 3rd Ave., Ste. 600
Portland, OR 97204
Gary.Sussman@usdoj.gov                    COHEN & COIT, P.C.

                                          /s/ Andrew D. Coit
                                          Andrew D. Coit, OSB# 972378
                                          Attorney for Defendant

PAGE 16- MOTION IN LIMINE TO EXCLUDE EVIDENCE