BILLY J. WILLIAMS, OSB #901366
United States Attorney
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
**GARY Y. SUSSMAN, OSB #87356**
Assistant United States Attorney
gary.sussman@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**STEVEN DOUGLAS ROCKETT,**<br><br>**Defendant.** | 3:13-CR-00557-SI<br><br>MOTION FOR PROTECTIVE ORDER WITH RESPECT TO CHILD VICTIMS/WITNESSES UNDER 18 U.S.C. § 3509 |

Pursuant to 18 U.S.C. § 3509, the United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and Paul T. Maloney and Gary Y. Sussman, Assistant United States Attorneys, moves the Court for a protective order to protect the identities of child victims who will testify as witnesses at trial.  The government also asks the Court to close the courtroom during the testimony of *NS*, one of the child victims in this case.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Defendant is charged in the second superseding indictment with one count of production of child pornography outside of the United States, intending that it be transported to the United Stated, in violation of 18 U.S.C. §§ 2251(c) and (e); five counts of production or attempted

production of child pornography with respect to five separate victims, in violation of 18 U.S.C. §§ 2251(a) and (e); two counts of traveling in foreign commerce and engaging in illicit sexual conduct, in violation of 18 U.S.C. §§ 2423(c) and (e); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). A number of the victims identified in the indictment by their initials will be witnesses at trial. Some of those victims are children who live in the Philippines, and for whom English is not their first language.

The trial is scheduled to begin on May 16, 2016. The government expects to offer the testimony of the following victims named in the second superseding indictment: *MG* (Count 4); *NS* (Count 6); *DS* (Count 7); *BS* (Count 8). The government will also offer the testimony of *GG* and *JDL* as victims in Counts 1, 2 and 3. The victims in Counts 4, 6, 7, and 8 are currently under 18 years of age. For the reasons discussed below, the government now seeks a protective order under 18 U.S.C. § 3509, as follows:

1. That the victims be referred to at trial by either their initials (as identified in the indictment), or by a first name/nick name that the child elects at the outset of their testimony;

2. That the witnesses from the United States, *NS*, *DS*, and *BS* and her parents not be required to divulge their current addresses in court;

3. That the minor witnesses' parent, guardian, or other adult attendant be permitted to remain in the spectator section of the courtroom during their testimony, even if that attendant will also be a witness;

4. That trial exhibits, including communications, emails, chats, or other messages between the defendant and the victims either be redacted to remove the victim's identities or be sealed so as to protect their identities; and

5. That any video monitors visible by spectators in the gallery be disabled or turned off whenever sexually explicit images or exhibits containing the victims' identification information are displayed.

## II. DISCUSSION

The Child Victim Rights Act, codified at 18 U.S.C. § 3509, contains express provisions designed to protect the confidentiality of the identity of child victims of sexual exploitation offenses:

> **Protective orders**.-- (A) On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child.
>
> (B) A protective order issued under subparagraph (A) may--
>
> (i) provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and
>
> (ii) provide for any other measures that may be necessary to protect the privacy of the child.

18 U.S.C. § 3509(d)(3). Section 3509(e) allows the Court to close the courtroom to members of the public, including members of the press, who do not have "a direct interest in the case" during the testimony of a child victim, if the Court determines on the record that "requiring the child to

testify in open court would cause substantial psychological harm to the child or would result in the child's inability to effectively communicate."

### A. Protection of Victim Identity.

The government is not seeking to close the courtroom during the testimony of all the victims, even though it will undoubtedly be difficult for them to recount their sexually explicit interactions with the defendant. Nonetheless, in order to protect their identities, and to protect them from needless and damaging public humiliation and ridicule, the government moves the Court for an order that the victims herein be referred to either by their initials, or by a preferred first name of their choosing. The government will address the issue by simply asking the child how they would prefer to be addressed during the proceeding at the outset of their testimony. Using that name or initials will avoid confusion, while causing no prejudice to defendant.

Courts have approved such an approach to protecting the identities of child victims. *See, e.g. United States v. Broussard*, 767 F. Supp. 1545, 1546 48 (D. Or. 1991) (upholding the redaction of child identifying information from documents made part of the public record in a criminal case, and rejecting the defendant's claim that such redaction impeded his First or Sixth Amendments right to a public trial); *United States v. Anderson*, 139 F.3d 291, 301 02 (1st Cir. 1998) (affirming the district court's order prohibiting the disclosure of the last names of two juvenile witnesses in a trial for transporting the juveniles across state lines for purposes of prostitution). Such a restriction serves a compelling interest in "safeguarding the psychological well-being of a minor." *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 604 05 (1982). *See also Broussard*, 767 F. Supp. at 1546. Judge Hernandez approved a

similar procedure in *United States v. Edward Allen McElroy*, No. 3:12-CR-542-HZ (allowing the minor victim to be addressed by her preferred first name, which was not her actual name).

The graphic nature of the victim's testimony and their ages both now and at the time of the offenses, warrants protection of their identities. This is especially true in light of the potential for media coverage of this case. If no protective measures are taken and the victims' identities are disclosed, they could be subject to inquiries and scrutiny from the press, their schoolmates, and members of the community, thereby harming their psychological well-being.

For those same reasons, the government seeks an order that any exhibits that contain a victim's last name, (such as e-mails and instant messaging chats) either be redacted to remove the last name, or that such exhibits be received under seal, so that they do not appear in the public record. If received under seal, the government requests that they not be displayed on monitors visible to spectators sitting in the gallery. For similar reasons, the government requests that the victims' address information not be disclosed during the course of the trial.

   **B.**  ***The Presence of an Adult Attendant for Minor Victims.***

18 U.S.C. § 3509(i) provides, "A child testifying at or attending a judicial proceeding shall have the right to be accompanied by an adult attendant to provide emotional support to the child." The court may, in its discretion, "allow the adult attendant to remain in close physical proximity to or in contact with the child while the child testifies," but may not provide the child with the answer to any question, or otherwise prompt the child. *Id.* A child is "a person under the age of 18" who is "a victim of a crime of physical abuse, sexual abuse, or exploitation." 18 U.S.C. § 3509(a)(2). The term "exploitation" includes child pornography. 18 U.S.C. § 3509(a)(6).

Several of the victims are under 18 years of age.  Victims *NS* and *JDL* are not only the victims of child exploitation, specifically, the production or attempted production of child pornography, but *NS* was also raped, sodomized, and sexually abused by defendant.  Some of the victims are from a third world country, and do not speak English as a first language.  All minor victims should be entitled to have an adult attendant present in the courtroom with them throughout the trial.  The child's mother or another adult attendant should be allowed to remain with the child in the courtroom throughout his or her testimony (and during any other parts of the trial, if the victims choose to observe), even if the attendant is also a witness who would otherwise be subject to exclusion.

      C.     ***Displaying Sexually Explicit Images in the Courtroom.***

At some point during the trial, the government will be displaying to the jury a number of sexually explicit images that defendant produced.  The nature and quality of the images are discussed thoroughly in the government's trial memo and will not be revisited here.  However, some of the victims are depicted in the images the defendant produced and form the basis for the production counts in the indictment.

As to both the production count and the attempted production counts, the jury will need to determine whether the images constitute child pornography.  While it will be necessary to display the images to the jury, there is no reason to display images of child pornography to spectators in the gallery of the courtroom.  Thus, the government seeks an order that any

monitors visible to spectators in the gallery be disabled or turned off while the sexually explicit images of children are shown to the jury.[1]

    C.    **Closing the Courtroom for the Testimony of *NS***

*NS* is the charged victim in Count 6. During the course of this investigation, *NS* disclosed significant acts of sexual abuse by defendant – conduct for which the defendant was convicted following trial in Washington County Circuit Court. During her testimony in the state court trial, *NS* was subjected to extensive, vigorous cross-examination, and was emotionally fragile throughout her testimony.

*NS* worked with a trauma therapist from CARES Northwest for a period of time after her initial disclosure of abuse by the defendant. The clinician, Kim Jacobowitz, testified about her sessions with *NS*. She opined that *NS* suffered from trauma-related symptoms related to the diagnosis of child sexual abuse and suffered from post-traumatic stress disorder.[2]

The government requests that the courtroom be closed during *NS's* testimony. It is in the child's best interest to minimize the embarrassment, shame, and humiliation associated with recounting her relationship with the defendant. Furthermore, with a limited audience, it will minimize the likelihood that *NS* will become emotional and have difficulty communicating during her testimony. Accordingly, the government requests the Court close the courtroom

---

[1] The government will also need to display to the jury images or videos of child pornography depicting children other than the named victims as part of its proof with respect to Counts 1 and 9. There is no reason to display those images or videos to spectators in the gallery either.

[2] The government can provide the court with a transcript of Ms. Jacobowitz's state court testimony upon request.

**MOTION FOR PROTECTIVE ORDER WITH RESPECT TO CHILD VICTIMS/WITNESSES UNDER 18 U.S.C. § 3509**

during *NS's* testimony as permitted by Section 3509(e), with the exception of those persons described above and persons having a direct interest in the case and the need to be present.

### III. CONCLUSION

For the reasons set forth above, the Court should enter a protective order protecting the victims' identities and residential addresses from disclosure, allowing their mother or another adult attendant to remain in the courtroom during her testimony, and prohibiting the public display of sexually explicit images of the victims or other children during the trial. In addition, the Court should close the courtroom during the testimony of *NS*.

Dated this 2nd day of May 2016.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Paul T. Maloney*
PAUL T. MALONEY
Assistant United States Attorney

*/s/ Gary Y. Sussman*
GARY Y. SUSSMAN
Assistant United States Attorney