CHELSEA B. PAYMENT, OSB #141125
ANDREW D. COIT, OSB #972378
Cohen & Coit, PC
9200 SE Sunnybrook Ave, Suite 430
Clackamas, OR 97015
Ph: 503-231-3419
Fax: 503-231-3420
Chelsea@cohencoit.com
Andrew@cohencoit.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                             Plaintiff,<br>     vs.<br><br>STEVEN DOUGLAS ROCKETT,<br><br>                                             Defendant. | Case No.: 3:13-CR-00557-SI<br><br>DEFENDANT'S MOTION IN LIMINE TO EXCLUDE HEARSAY STATEMENTS |

      COMES NOW defendant, Steven Douglas Rockett, through his attorneys, Andrew D. Coit and Chelsea B. Payment, and moves this Court *in limine* to exclude hearsay statements offered in the form of Facebook messages between defendant and Charis Jumoa-as.

I.      INTRODUCTION

      Counts 4 and 5 of the Second Superseding Indictment charge defendant with Producing Child Pornography involving victims MG and HJ, respectively, in violation of Title 18, United States Code, Sections 2251(c) and (e). The government alleges defendant solicited sexually explicit images of MG and HJ from Charis Jumoa-as through instant messaging with Ms. Jumoa-as on Facebook. It is defense counsel's understanding that the government is not calling Ms.

PAGE 1—MOTION *IN LIMINE* TO EXCLUDE HEARSAY

Jumoa-as a witness, but intends to offer the Facebook instant messages as evidence against defendant as provided in the Government's Exhibit List, Exhibit 4.

II.     ARGUMENT

   A. The Facebook Communications Lack the Proper Evidentiary Foundation Required Under FRE 901

   Exhibit 4 is not admissible because it lacks the proper evidentiary foundation and is therefore not relevant.

   The foundational "requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a); see also, United States v. Harrington, 923 F.2d 1371, 1274 (9th Cir. 1991). Under FRE 901, "the government need only make a prima facie showing of authenticity, as 'the rule requires only that the court admit evidence if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification.'" United States v. Black, 767 F.2d 1334, 1342 (9th Cir. 1985) (quoting J. Weinstein & M. Berger, Weinstein's Evidence ¶ 901(a) [01], at 901-16 to -17 (1983)); see also United States v. Tank, 200 F.3d 627 (9th Cir. 2000).  The government must also establish a connection between the proffered evidence and the defendant. See Id.  Subsection (b) of FRE 901 provides ten, non-exclusive, methods of identification and authentication that are permissible, including, "[t]estimony of a witness with knowledge," "[d]istinctive characteristics and the like." Fed. R. Evid. 901(b)(1), (4).  See also Advisory Committee Note to Fed. R. Evid. 901(b) ("The examples are not intended as an exclusive enumeration of allowable methods but are meant to guide and suggest, leaving room for growth and development in this area of the law.").

In Tank, the defendant was accused of engaging in the receipt and distribution of child pornography through an internet chat room. The government offered a printout of chat room logs that had been altered by the 3rd party creator of the chat room logs.  The government offered the altered chat room logs by calling the 3rd party creator as a witness to establish the log's authenticity of the logs.  The defendant argued the chat room logs should be excluded due to insufficient foundation because, (1) the logs were incomplete, and (2) the 3rd party witness-creator could have made material alterations to the chat room logs, such as changes in the substance or names appearing in the logs. On appeal, the court concluded that admission of the chat room logs was proper because the government made a prima facie showing of authenticity under FRE 901.  A significant contribution to authentication of the chat-room logs was the 3rd party witness-creator who testified and explained how he created the logs.  Also, the logs were an accurate representation of the chat room conversations and established a connection between the defendant and the chat room log printouts after the defendant admitted he used the screen name "Cessna." Tank at 630 (9th Cir. 2000).

Contrary to the situation in Tank, the government is unable to lay the proper foundation for authenticity and identification in the present case because the government does not have a witness with personal knowledge to testify regarding the authenticity of Exhibit 4.  Similarly, the government does not have a non-hearsay witness to identify that the individuals participating in the instant message conversation were Ms. Jumoa-as and defendant.  Defendant submits that no foundation can be laid in Ms. Jumoa-as's absence.

Regardless of whether the government can successfully argue that the instant messages are non-hearsay or meet an exception to the hearsay rule, FRE 901 requires a prima facie showing of authentication and identification of evidence as a condition precedent to

admissibility. Fed. R. Evid. 901(a). Without testimony of a witness with knowledge, the government is unable to make the requisite prima facie showing that the Facebook instant messages sufficiently identify the sender and recipient and that the instant messages are an authentic representation of the conversation. Because the government is not calling Ms. Jumoa-as as a witness to testify that she was, in fact, the recipient of the Facebook instant messages allegedly submitted by defendant to solicit sexually explicit images of MG and HJ, and believed the sender of those messages was defendant, the government cannot meet its burden to provide sufficient proof that would enable a reasonable juror to find in favor of authenticity or identification. See e.g. Black 767 F.2d at 1342.

In United States v. Safavian, 435 F.Supp.2d 36, 41 (D.D.C. 2006), in addressing authentication of the defendant's e-mails, the court held that authentication may not be made by individuals who do not have personal knowledge. In Safavian, the court allowed authentication of the defendant's e-mails under FRE 901(b)(4) by relying on many distinctive characteristics contained within the e-mails. These distinctive characteristics included: circumstantial evidence of defendant's widely known business e-mail address, the contents of the e-mails containing discussions of various personally identifiable matters (including the defendant's signature at the end of the e-mails containing the defendant's name and professional title), the name of the person in the "To:" and "From:" headings, codes and abbreviations contained in the e-mails that were commonly used by the defendant in his workplace, and other personally and professionally identifiable content. Id. at 40.

In the present case, even though the government was able to obtain Exhibit 4, in order to authenticate the evidence and identify the parties to the conversation, the government must produce witnesses who can testify with the requisite personal knowledge that the evidence is

PAGE 4—MOTION *IN LIMINE* TO EXCLUDE HEARSAY

what the government says it is. Without a witness with personal knowledge testifying as such, the evidence cannot be authenticated under FRE 901(b)(1). In order to properly authenticate Exhibit 4, the government needs a witness with personal knowledge.

Because there is no admissible evidence to substantiate the government's position that the participants of the Facebook instant message conversation were Ms. Jumoa-as and defendant and that Exhibit 4 is an accurate representation of that conversation, proper foundation is lacking. The fact that the Facebook accounts were registered to users with Ms. Jumoa-as' name and defendant's name does not provide sufficient foundation under FRE 901(b)(4). Further, should the government call other witnesses to testify that they had conversations with an individual believed to be defendant on Facebook instant messenger, as provided in the government's Exhibits 2 and 3, the government should not be permitted to bootstrap Exhibit 4 onto Exhibits 2 and 3 to obtain the proper foundation required for admissibility. Without Ms. Jumoa-as identifying herself and defendant as a participants of the conversation and authenticating the content of the Facebook messages, the government cannot lay the proper foundation.

B. The Facebook Communications Lack Requisite Foundation and are Therefore Not Relevant and are Inadmissible

Ultimately, the requirement of authentication and identification is an implicit function of FRE 402, which excludes evidence that is not relevant. See Fed. R. Evid. 402; Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* at § 900.06[1][a] (Joseph M. McLaughlin ed., Matthew Bender 2d ed. 1997) (hereinafter referred to as "Weinstein"). To add probative value under FRE 401, evidence must bear some connection to the case.

FRE 901 Advisory Committee Notes describe the function of FRE 901 as an "inherent, logical necessity." Accordingly, if Exhibit 4 is not authenticated by identifying the participants and offering proof that the printout is an accurate representation of the conversation, it cannot be

PAGE 5—MOTION *IN LIMINE* TO EXCLUDE HEARSAY

determined that it is what the government claims it to be and is therefore not relevant under FRE 401 and should be excluded under FRE 402.  The Advisory Committee Notes to FRE 901 further explain how it is intended to operate to exclude irrelevant evidence, "[t]hus a telephone conversation may be irrelevant because…the speaker is not identified." The same analysis carries over to the instant case: the Facebook instant messages are irrelevant because the participants to the conversation cannot be identified, nor can the conversation be authenticated as an accurate representation by admissible evidence.  The evidence should be excluded under FRE 402.

C.      Should The Court Determine The Foundation Is Proper, The Facebook Communications Are Inadmissible Hearsay And/Or Should Be Excluded Pursuant to FRE 403

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).  It is only necessary to address the hearsay issue if Exhibit 4 passes the authentication requirement of FRE 901. If the evidence lacks foundation, it is inadmissible on those grounds alone. However, should the court determine over defendant's objection that the government has laid the requisite foundation for Exhibit 4, the communications are inadmissible hearsay under FRE 801, 802, and 803, and should be excluded pursuant to FRE 403.

While the government may argue that the instant messages are admissions of defendant and not hearsay pursuant to FRE 801(d)(2), the portions of the communications purportedly made by Ms. Jumoa-as are hearsay.  Without her hearsay statements, defendant's statements have no independent relevance, as explained above.

In the alternative, any limited probative value of this evidence is substantially outweighed by the dangers discussed in FRE 403.  FRE 403 provides the balancing test for admissibility of relevant evidence,

PAGE 6—MOTION *IN LIMINE* TO EXCLUDE HEARSAY

> "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Fed. R. Evid. 403. In the present case, FRE 403 provides sufficient grounds to exclude Exhibit 4 because the issue of fact remains as to the identity of the participants, and without a witness with personal knowledge to this identifying information, the evidence has little to no probative value. Admitting Exhibit 4 into evidence as an admission of defendant without sufficient proof of foundation carries the substantial risk of misleading the jury and unfair prejudice to defendant.

If the court finds that the government is able to authenticate Exhibit 4 without testimony from a witness with sufficient personal knowledge, the government should be precluded from making proffers to the jury that defendant was, in fact, the sender or Ms. Jumoa-as was the recipient of the Facebook instant messages. Further, the government should be prevented from allowing its F.B.I. agents or witnesses to testify regarding facts beyond their personal knowledge about the content and identification of the participants to the Facebook instant messages. In Safavian, the court explained that because the e-mails were not authenticated by a witness with personal knowledge, the government was not permitted to make proffers to the jury regarding authentication or identification or allow government witnesses to testify to facts beyond their personal knowledge, the court provided the following example:

> "For instance, the FBI agent through whom the government plans to offer these e-mails cannot testify from personal knowledge as to whether MerrittDC@aol.com is, in fact, Mr. Safavian's e-mail address. He may testify only that Exhibit 100 contains the e-mail address in the From: section of the heading, and that the Exhibit has a signature section that contains Mr. Safavian's name."

Safavian, 435 F.Supp.2d at 41.

In the present case, allowing the jury to consider evidence alleging defendant was soliciting sexually explicit images of MG and HJ from Ms. Jumoa-as via instant messenger with inadequate evidence substantiating that defendant and Ms. Jumoa-as were the participants to the conversation is, again, highly likely to mislead the jury and result in unfair prejudice to defendant.

III.     CONCLUSION

The government is attempting to offer hearsay evidence in the form of Facebook instant messages between a Facebook account allegedly registered to defendant and another account allegedly registered to Charis Jumoa-as.  The purpose of this evidence is to prove Counts 4 and 5 by arguing that defendant was soliciting sexually explicit images of MG and HJ from Ms. Jumoa-as on Facebook instant messenger.  The Court should exclude the Facebook instant messages because the government will be unable to establish the proper foundation. Therefore, the evidence lacks relevance to the present case and is inadmissible.  To the extent the foundation can be laid, the evidence has minimal probative value and should be excluded under FRE 403.

RESPECTFULLY SUBMITTED this 9th day of May, 2016.

> /s/ CHELSEA B. PAYMENT
> Chelsea B. Payment, OSB #141125
> Of Attorneys for Defendant
>
> /s/ ANDREW D. COIT
> Andrew D. Coit, OSB #972378
> Of Attorneys for Defendant

## Certificate of Service

I hereby certify that on the above-mentioned date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Paul T. Maloney
Special Prosecutor U.S. Attorney's Office
150 N 1st Ave, Suite 300 MS 40
Hillsboro, OR 97124
paul_maloney@co.washington.or.us

Gary Sussman
US Attorney's Office
District of Oregon
1000 SW 3rd Ave., Ste. 600
Portland, OR 97204
Gary.Sussman@usdoj.gov

                                           */s/ CHELSEA B. PAYMENT*
Chelsea B. Payment, OSB #141125
Of Attorneys for Defendant
Cohen & Coit, PC
9200 SE Sunnybrook Ave, Suite 430
Clackamas, OR  97015
Ph:     503-231-3419
Fax:    503-231-3420

PAGE 9—MOTION *IN LIMINE* TO EXCLUDE HEARSAY