BILLY J. WILLIAMS, OSB #901366
United States Attorney
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
**GARY Y. SUSSMAN, OSB #87356**
Assistant United States Attorney
Gary.Sussman@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Attorneys for the United States of America

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVEN DOUGLAS ROCKETT,<br><br>**Defendant.** | 3:13-CR-00557-SI<br><br>GOVERNMENT'S OBJECTIONS TO DEFENDANT'S REQUESTED VOIR DIRE |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and Paul T. Maloney and Gary Y. Sussman, Assistant United States Attorneys, objects as follows to defendant's requested voir dire.

*Question I(3)*.  This question asks potential jurors if they can think of any reason a child or children would fabricate allegations of child abuse.  That is not a proper question for voir dire.

"The fundamental purpose of voir dire is to ferret out prejudices in the venire and to remove partial jurors." *United States v. Steele*, 298 F.3d 906, 912 (9th Cir. 2002) (internal quotation marks and citations omitted).  Fed. R. Crim. P. 24(a)(2) furthers that purpose by permitting the court to examine prospective jurors, and permitting the parties to submit further

questions "that the court may ask if it considers them proper." *See also United States v. Howell*, 231 F.3d 615, 627-28 (9th Cir. 2000). Whether to allow supplemental questions proposed by counsel "is within the sound judicial discretion of the district court." *Id.* at 628 (internal quotation marks and citation omitted). So long as the court conducts an adequate voir dire, "its rejection of a defendant's specific questions is not error." *United States v. Giese*, 597 F.2d 1170, 1183 (9th Cir. 1979). In fact, the court should avoid creating bias by asking "specific questions which add 'fuel to the flames' in suggesting the presence of controversial issues." *Id.* (quoting *United States v. Polizzi*, 500 F.2d 856, 880 (9th Cir. 1974).

Defendant's requested question does not probe a prospective juror's qualifications, knowledge, training, special expertise, bias, or any other topic that would be helpful to the parties in exercising peremptory challenges. Rather, it is an invitation to speculate as to possible motivations for child witnesses to lie, and to do so openly in the presence of other jurors, thus potentially tainting the panel with information that is not evidence.

*Defendant's Requested Questions III(1) and (1)(a).* Defendant invites the Court to ask potential jurors a hypothetical question about retiring "now to deliberate and return a verdict," and what that verdict must be. This is an improper question calculated to condition the jury, that is cumulative to the instructions given by the Court. Asking prospective jurors what amounts to a trick question does nothing to assist the Court and the parties in assessing a potential juror's qualifications to sit as a fair and impartial juror in this case. It is argumentative and purely speculative, since prospective jurors who have been neither seated nor sworn would never be asked to "retire now to deliberate and return a verdict." Nor would such a question ever be asked of a jury before any evidence has been presented.

Moreover, the Court will undoubtedly instruct the jury that defendant is presumed innocent, and that the government has the burden of proving each and every element of each charged offense beyond a reasonable doubt. Jurors are presumed to follow the Court's instructions.

*Defendant's Requested Question III(3)*. Defendant requests that the Court ask prospective jurors "what type of proof do you feel would be necessary to conduct a child abuse case?" This question should be denied because it is unclear, argumentative, and speculative, and because it has nothing whatsoever to do with a prospective juror's ability to be fair and impartial.

As an initial matter, it is not clear what defendant means by a "child abuse case." Is he referring to a child abuse *investigation*, or a trial involving allegations of child abuse? What types of proof individual jurors believe are necessary for a child abuse *investigation* has nothing to do with their ability to sit as fair and impartial jurors, and to determine whether the evidence presented at trial is sufficient to prove the charges in the indictment beyond a reasonable doubt. The question is implicitly argumentative, because prospective jurors are invited to infer that any investigation lacking what in one prospective juror's opinion is necessary means that the investigation is inherently flawed. Furthermore, the question seeks to needlessly inject a contentious issue into a process that should be done fairly and impartially, with a goal to assist the Court and the parties with gathering information about the qualifications of the prospective jurors. *See Giese*, 597 F.2d at 1183 (district courts should avoid creating bias by asking specific questions which suggest the presence of controversial issues).

What a prospective juror thinks is necessary to a child abuse investigation does not address that juror's qualifications or potential biases. Asking such a question in the presence of other jurors risks potentially tainting the entire panel if this open-ended, speculative question prompts an improper response from the panel.

The Court should decline to ask questions *I(3)*, *III(1)*, *III(1)(a)*, and *III(3)* of defendant's requested voir dire.

Dated this 9th day of May 2016.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Paul T. Maloney*
PAUL T. MALONEY
Assistant United States Attorney

*/s/ Gary Y. Sussman*
GARY Y. SUSSMAN
Assistant United States Attorney