BILLY J. WILLIAMS, OSB #901366
United States Attorney
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
**GARY Y. SUSSMAN, OSB #87356**
Assistant United States Attorney
gary.sussman@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR   97204-2902
Telephone:   (503) 727-1000
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:13-CR-00557-SI |
| v. | |
| **STEVEN DOUGLAS ROCKETT,** | **GOVERNMENT'S MEMORANDUM ON A CAUTIONARY INSTRUCTION UNDER FED. R. EVID. 414** |
| **Defendant.** | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and Paul T. Maloney and Gary Y. Sussman, Assistant United States Attorneys, submits the following memorandum of law on the propriety of giving a cautionary instruction to the jury as to the introduction of evidence under Fed. R. Evid. 414(a).

The Court has ruled that the government may introduce evidence that defendant was convicted of Sex Abuse in the First Degree, Using a Child in a Display of Sexually Explicit Conduct, Sodomy in the Second Degree, and Rape in the Second Degree, in Washington County Circuit Court case number C131929CR.   The government plans to prove those convictions by introducing a certified copy of the judgment of conviction (Gov't. Ex. 26).   The Court is presently

considering whether to give the jury a limiting instruction when that evidence is introduced, and if so, what that instruction should say.

Rule 414(a) provides:

> In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation.   The evidence may be considered *on any matter to which it is relevant.*

(Emphasis added.)   Prior to its enactment, admission of other acts evidence was governed by Rule 404(b), which disallows the introduction of such evidence to prove propensity.   *United States v. LeMay*, 260 F.3d 1018, 1024 (9th Cir. 2001).   Rule 414 changed that general rule "with respect to child molestation cases."   *Id.*   The legislative sponsors of Rule 414 "expected that convictions within its ambit would normally be admitted and that their prejudicial value would normally not be outweighed by the risk of prejudice."   *United States Davis*, 624 F.3d 508, 512 (2d Cir. 2010).   Thus, Rule 414 "reflects a congressional judgment to remove the propensity bar to admissibility of certain evidence."   *United States v. Joubert*, 778 F.3d 247, 254 (1st Cir.) (internal quotation marks and citation omitted), *cert. denied*, 135 S.Ct. 2874 (2015).   *See also United States v. Laughry*, 660 F.3d 965, 969 (7th Cir. 201) ("Rule 414 constitutes an exception to the rule that evidence of prior bad acts is not admissible to show a defendant's propensity to commit the offense charged").

Nonetheless, district courts have given, and courts of appeals have approved the use of, cautionary instructions in conjunction with the introduction of evidence under Rule 414.   For example, in *United States v. Sheldon*, 755 F.3d 1047, 1050 (9th Cir. 2014), the Ninth Circuit affirmed the defendant's conviction where the government introduced the fact of the defendant's prior conviction for possession of child pornography without going into the details of the conduct

resulting in that conviction, and the district court instructed the jury immediately thereafter that "they should only consider the evidence of the prior acts as they relate to the particular charge in this case." That was a highly truncated version of the limiting instruction actually given by the district court, which, according to the excerpts of the record in that appeal, was as follows:

> Members of the jury, let me just say that the Court has admitted this evidence concerning the prior conviction of the Defendant, but I want to give you this cautionary instruction concerning that exhibit. And that is that you are here only to determine whether the Defendant is guilty or not guilty of the charge in the Superseding Indictment. And your determination must be made only from the evidence in the case. The Defendant is not on trial for any conduct or any offense which is not charged in the Superseding Indictment. And you should consider evidence about the other acts of the Defendant only as they relate to this particular charge against the Defendant.

Excerpts of the Record, Vol. II, p. 201-02.

In *United States v. McHorse*, 179 F.3d 889, 903 (10th Cir. 1999), the district court gave the following limiting instruction following the introduction of other act evidence under Rule 414(a):

> In a criminal case in which the defendant is accused of ... an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant. However, evidence of a prior offense on its own is not sufficient to prove the defendant guilty of the crimes charged in the indictment. Bear in mind as you consider this evidence at all times, the government has the burden of proving that the defendant committed each of the elements of the offense charged in the indictment. I remind you that the defendant is not on trial for any act, conduct, or offense not charged in the indictment.

(Ellipsis in original). The defendant claimed that instruction "did not adequately guard against the jury's misuse of this propensity evidence." *Id.* The Tenth Circuit disagreed, holding that the instruction was "proper." *Id.*

The instruction began by "tracking the language of Rule 414(a)," then instructed the jury that "propensity evidence alone is insufficient" to convict the defendant of the crimes charged in

**Government's Memorandum on a Cautionary
Instruction Under Fed. R. Evid. 414**                                                                                   Page 3

the indictment, and that to obtain a conviction, "the government must prove each element of the charged offenses." *Id.* The defendant's challenge to the sufficiency of the instruction was "based upon a faulty premise," since Rule 414(a) displaces Rule 404(b)'s restriction on propensity evidence and "allows the government to offer evidence of a defendant's prior sexual misconduct for the purpose of demonstrating the defendant's propensity to commit the charged offense." *Id.* Because the Rule 414(a) evidence illustrated the defendant's "propensity to engage in sexual misconduct similar to that alleged in the indictment," it was "probative of his guilt." *Id.*

In *United States v. Donaldson*, No. 1:09-cr-00321-RJA-HKS, 2012 WL 2317343 (W.D.N.Y June 18, 2012), *aff'd.* 577 Fed. App'x. 63 (2d Cir.), *cert. denied*, 135 S.Ct. 173 (2014), the court instructed the jury as follows:

> There has been evidence received during the trial the defendant engaged in other conduct which was similar in nature to the acts charged in the indictment, including evidence the defendant was previously convicted of raping one of the alleged victims in this case in a criminal case in which the defendant is accused of a crime involving sexual assault. Evidence of the defendant's commission of another offense or offenses of sexual assault is admissible and may be considered for its bearing on any matter to which it is relevant. However, evidence of another offense on its own is not sufficient to prove the defendant guilty of the crimes charged in the indictment.
>
> As you consider this evidence, bear in mind at all times that the government has the burden of proving that the defendant committed each of the elements of the offense to the indictment, as I'll explain to you shortly.

(ECF 132 at 84-85).

While Rule 414 by its terms does not mandate a limiting instruction, the government agrees that a cautionary instruction along the lines of the instruction given and approved in *McHorse* would be prudent. Accordingly, the government proposes that the Court give the following

cautionary instruction when evidence of defendant's prior convictions is introduced, at the end of the case, or both:

> You [have heard/are about to hear] that the defendant was convicted of other offenses involving child molestation. You may consider that evidence for its bearing, if any, on any matter to which it is relevant. However, evidence of a prior offense on its own is not sufficient to prove the defendant guilty of the crimes charged in the indictment. Keep in mind that at all times, the government has the burden of proving that the defendant committed each of the elements of each crime charged in the indictment. You should consider evidence about the other acts of the defendant only as they relate to the charges in the indictment. The defendant is not on trial for any act, conduct, or offense not charged in the indictment.

DATED this 17th day of May 2016.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Paul T. Maloney*
PAUL T. MALONEY
Assistant United States Attorney

*/s/ Gary Y. Sussman*
GARY Y. SUSSMAN
Assistant United States Attorney