AO 245B   Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 5/2016)
Sheet 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| Plaintiff, | Case No.: 3:13-CR-00557-SI-1 |
| v. | USM Number: 75742-065 |
| STEVEN DOUGLAS ROCKETT | Andrew D. Coit and Cheslea B. Payment<br>Defendant's Attorney |
| Defendant. | |
| | Paul T. Maloney and Gary Y. Sussman,<br>Assistant U.S. Attorney |

**THE DEFENDANT:**

☒ was found guilty on count(s) 1, 2, and 4 through 9 of the Second Superseding Indictment after a jury trial. The defendant is adjudicated guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|
| 18:2251(c) and (e) - Producing Child Pornography | Beginning on or about 1/23/2000 and continuing until 1/29/2013 | 1ss |
| 18:2423(c) and (e) - International Travel and Engaging in Illicit Sexual Conduct with a Minor | Beginning on or about 10/10/2007 and continuing until 10/28/2007 | 2ss |
| 18:2251(a) and (e) - Producing Child Pornography | Beginning on or about 5/6/2013 and continuing until 6/11/2013 | 4ss |
| 18:2251(a) and (e) - Producing Child Pornography | Beginning on or about 4/26/2013 and continuing until 6/22/2013 | 5ss |
| 18:2251(a) and (e) – Producing Child Pornography | Beginning on or about 5/2/2013 and continuing until 6/22/2013 | 6ss |
| 18:2251(a) and (e) – Producing Child Pornography | Beginning on or about 11/10/2004 and continuing until 9/12/2012 | 7ss |
| 18:2251(a) and (e) – Producing Child Pornography | Beginning on or about 11/10/2004 and continuing until 9/12/2012 | 8ss |
| 18:2252A(a)(5)(B) and (b)(2) - Possession of Child Pornography | On or about 8/23/2013 | 9ss |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ Count(s) Count 3 of the Second Superseding Indictment and the underlying indictments are dismissed on the motion of the United States.

☒ The defendant shall pay a special assessment of $800 for Count(s) 1, 2, and 4 through 9 of the Second Superseding Indictment payable immediately to the Clerk of the U.S. District Court. (See also the Criminal Monetary Penalties Sheet.)

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

September 08, 2016
Date of Imposition of Sentence

_/s/ Michael H. Simon_
Signature of Judicial Officer

Michael H. Simon, U.S. District Judge
Name and Title of Judicial Officer

September 12, 2016
Date

Case 3:13-cr-00557-SI   Document 151   Filed 09/13/16   Page 2 of 7

AO 245B    Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 5/2016)
           Sheet 2 - Imprisonment
DEFENDANT: STEVEN DOUGLAS ROCKETT                                    Judgment-Page 2 of 7
CASE NUMBER: 3:13-CR-00557-SI-1

## IMPRISONMENT

As to Count 1 of the Second Superseding Indictment, the defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of one hundred-eighty (180) months, said sentence to be served consecutively to the sentence imposed in Washington County Case Nos. C131929Cr and C132673Cr.

As to Count 2 of the Second Superseding Indictment, the defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of One hundred-eighty (180) months, said sentence to be served concurrently with the sentence imposed in Count 1, and consecutively to the sentence imposed in Washington County Case Nos. C131929Cr and C132673Cr.

As to Count 4 of the Second Superseding Indictment, the defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of One hundred-eighty (180) months, said sentence to be served concurrently with the sentence imposed in Count 1, and consecutively to the sentence imposed in Washington County Case Nos. C131929Cr and C132673Cr.

As to Count 5 of the Second Superseding Indictment, the defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of One hundred-eighty (180) months, said sentence to be served concurrently with the sentence imposed in Count 1, and consecutively to the sentence imposed in Washington County Case Nos. C131929Cr and C132673Cr.

As to Count 6 of the Second Superseding Indictment, the defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of One hundred-eighty (180) months, said sentence to be served consecutively to all counts and concurrent to the sentence imposed in Washington County Case Nos. C131929Cr and C132673Cr.

As to Count 7 of the Second Superseding Indictment, the defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of One hundred-eighty (180) months, said sentence to be service consecutively to all counts and consecutively to the sentence imposed in Washington County Case Nos. C131929Cr and C132673Cr.

As to Count 8 of the Second Superseding Indictment, the defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of One hundred-eighty (180) months, said sentence to be service consecutively to all counts and consecutively to the sentence imposed in Washington County Case Nos. C131929Cr and C132673Cr.

As to Count 9 of the Second Superseding Indictment, the defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of eighty-four months (84) months, said sentence to be served concurrently with all counts and concurrently to the sentence imposed in Washington County Case Nos. C131929Cr and C132673Cr.

☒ The court makes the following recommendations to the Bureau of Prisons:

   1.    That the defendant be incarcerated in FCI Sheridan to be near family who live in the area

☒ The defendant is remanded to the custody of the United States Marshal.

The Bureau of Prisons will determine the amount of prior custody that may be credited towards the service of sentence as authorized by Title 18 USC §3585(b) and the policies of the Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

AO 245B   Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 5/2016)
          Sheet 3 - Supervised Release

DEFENDANT: STEVEN DOUGLAS ROCKETT                                          Judgment-Page 3 of 7
CASE NUMBER: 3:13-CR-00557-SI-1

## SUPERVISED RELEASE

As to Counts 1, 2, and 4 through 9, and upon release from imprisonment, the defendant shall be on supervised release for a term of **Life** .

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties section of this judgment.

The defendant shall comply with the Standard Conditions of Supervised Release that have been adopted by this court as set forth in this judgment. The defendant shall also comply with the Special Conditions of Supervision as set forth below and any additional conditions attached to this judgment.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall cooperate in the collection of DNA as directed by the probation officer, if required by law.

2. The defendant shall pay full restitution to the victim identified in the presentence report in an amount to be determined in 90 days. If there is any unpaid balance at the time of the defendant's release from custody, it shall be paid at the maximum installment possible and not less than $100 per month.

3. To the extent there is any unpaid restitution, the defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation officer.

4. To the extent there is any unpaid restitution, the defendant shall disclose all assets and liabilities to the probation officer. Defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the probation officer.

5. To the extent there is any unpaid restitution, the defendant shall authorize release to the U.S. Probation Officer any and all financial information by execution of a release of financial information form, or by any other appropriate means, as directed by the probation officer.

6. The defendant shall participate in a sex offender assessment and treatment program, as directed by the probation officer. The defendant shall abide by all rules and requirements of such program. This assessment and treatment program may include the use of the polygraph to assist in case planning and case monitoring.

7. The defendant shall not view, purchase, or possess (1) any materials including visual depictions of minors under the age of 18 engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2); or (2) any materials depicting sexually explicit conduct involving adults.

8. The defendant is prohibited from being present within 100 feet of places where minor children under the age of 18 congregate, such as playgrounds and schools, unless approved by the probation officer.

AO 245B     Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 5/2016)
            Sheet 3 - Supervised Release

DEFENDANT: STEVEN DOUGLAS ROCKETT
CASE NUMBER: 3:13-CR-00557-SI-1

Judgment-Page **4** of **7**

9. The defendant is prohibited from residing within 100 yards of schools and playgrounds and other places where minor children congregate, unless approved by the probation officer.

10. The defendant shall register, if required by law, with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student and shall provide written notification of compliance with this condition as directed by the probation officer.

11. The defendant shall reside at a residence approved by the probation officer, and shall notify the probation officer at least 30 days prior to any change in residence.

12. The defendant shall have no contact with minors (in person, by telephone, through correspondence, or a third party) unless approved by the probation officer and the Court.

13. The defendant shall provide the U.S. Probation Officer with truthful and complete information regarding all computer hardware, software, electronic services, and data storage media to which the defendant has access.

14. The defendant is prohibited from using or possessing any computer(s) (including any handheld computing device, any electronic device capable of connecting to any on-line service, or any data storage media) without the prior written approval of the U.S. Probation Officer. This includes, but is not limited to, computers at public libraries, Internet cafes, or the defendant's place of employment or education.

15. The defendant shall submit to a search of his/her computer (including any handheld computing device, any electronic device capable of connecting to any on-line service, or any data storage media) conducted by a U.S. Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn all individuals that have access to defendant's computer that it is subject to search and/or seizure.

16. The defendant shall participate in the U.S. Probation Office's Computer Monitoring Program. Participation in the Program may include installation of software or hardware on the defendant's computer that allows random or regular monitoring of the defendant's computer use; periodic inspection of defendant's computer (including retrieval, copying, and review of its electronic contents) to determine defendant's compliance with the Program; and restriction of the defendant's computer use to those computers, software programs, and electronic services approved by the U.S. Probation Officer.

17. The defendant shall have no contact with the victims in this case including MG, HJ, DS, BS, and NS, in person, by telephone, through correspondence or a third party unless approved in advance by the probation officer.

AO 245B    Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 5/2016)
           Sheet 4A - Probation

DEFENDANT: STEVEN DOUGLAS ROCKETT                                                        Judgment-Page 5 of 7
CASE NUMBER: 3:13-CR-00557-SI-1

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

The Judges of the District of Oregon adopt the following standard conditions of probation and supervised release to apply in every case in which probation and/or supervised release is imposed upon a defendant. The individual judge may impose other conditions deemed advisable in individual cases of probation or supervised release supervision, as consistent with existing or future law.

1. The defendant shall report in person to the probation office for the district to which he or she is released within 72 hours of release from the custody of the Bureau of Prisons.
2. The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. Revocation of probation or supervised release is mandatory for illegal possession of a controlled substance.
3. The defendant shall not possess a firearm, destructive, or dangerous device.
4. If the defendant illegally uses drugs or abuses alcohol, has a history of drug or alcohol abuse, or drug use or possession is determined to be an element of the defendant's criminal history or instant offense, the defendant shall participate in a substance abuse treatment program as directed by the probation officer which may include urinalysis testing to determine if the defendant has used drugs or alcohol. In addition to urinalysis testing that may be part of a formal drug treatment program, the defendant shall submit up to eight (8) urinalysis tests per month.
5. The defendant shall submit to a search of his/her person, residence, office or vehicle, when conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn other residents that the premises may be subject to searches pursuant to this condition.
6. The defendant shall not leave the judicial district without the permission of the court or probation officer.
7. The defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
8. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. The defendant may decline to answer inquiries if a truthful response would tend to incriminate him/her. Such a refusal to answer may constitute grounds for revocation.
9. The defendant shall support his or her dependents and meet other family responsibilities to the best of his or her financial ability.
10. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
11. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
12. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. If, at any time, the probation officer has reasonable cause to believe the defendant is using illegal drugs or is abusing alcohol, the defendant shall submit to urinalysis testing, breathalyzer testing, or reasonable examination of the arms, neck, face, and lower legs.
13. The defendant shall not knowingly frequent places where controlled substances are illegally sold, used, distributed, or administered.
14. The defendant shall not knowingly associate with any persons engaged in criminal activity, and shall not knowingly associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
15. The defendant shall permit a probation officer to visit him or her at any reasonable time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer.
16. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
17. The defendant shall not enter into any agreement to act as an informant or special agent of a law enforcement agency without the permission of the court.
18. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by his or her criminal record or personal history and characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such a notification requirement. This requirement will be exercised only when the probation officer believes a reasonably foreseeable risk exists or a law mandates such notice. Unless the probation officer believes the defendant presents an immediate threat to the safety of an identifiable individual, notice shall be delayed so the probation officer can arrange for a court hearing and the defendant can obtain legal counsel.

AO 245B   Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 5/2016)
         Sheet 5 - Criminal Monetary Penalties

DEFENDANT: STEVEN DOUGLAS ROCKETT                                                              Judgment-Page **6** of **7**
CASE NUMBER: 3:13-CR-00557-SI-1

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth in this judgment.

|            | **Assessment** (as noted on Sheet 1) | **Fine** | **Restitution**     | **TOTAL** |
|------------|--------------------------------------|----------|---------------------|-----------|
| **TOTALS** | $800                                 | $-0-     | $TBD within 90 Days | $800      |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all non-federal victims must be paid in full prior to the United States receiving payment.

☐ If applicable, restitution amount order pursuant to plea agreement: $_____.

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that

    ☐ The interest is waived for the ☐ fine and/or ☐ restitution.

    ☐ The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

Case 3:13-cr-00557-SI    Document 151    Filed 09/13/16    Page 7 of 7

AO 245B        Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 5/2016)
               Sheet 5 - Criminal Monetary Penalties
DEFENDANT: STEVEN DOUGLAS ROCKETT                                              Judgment-Page 7 of 7
CASE NUMBER: 3:13-CR-00557-SI-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment[1] of the total criminal monetary penalties shall be as follows:

- **A.** ☒ Lump sum payment of $800 due immediately, balance due
  - ☐ not later than _____, or
  - ☐ in accordance with ☐ C or ☐ D below; or

- **B.** ☒ Payment to begin immediately (may be combined with ☐ C or ☐ D below); or
- **C.** ☐ If there is any unpaid balance at the time of defendant's release from custody, it shall be paid in monthly installments of not less than $ until paid in full, to commence immediately upon release from imprisonment.
- **D.** ☐ Special instructions regarding the payment of criminal monetary penalties:

---

☒ Payment of criminal monetary penalties, including restitution, shall be due during the period of imprisonment as follows: (1) 50% of wages earned if the defendant is participating in a prison industries program; (2) $25 per quarter if the defendant is not working in a prison industries program.

It is ordered that resources received from any source, including inheritance, settlement, or any other judgment, shall be applied to any restitution or fine still owed, pursuant to 18 USC § 3664(n).

All criminal monetary penalties, including restitution, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of Court at the address below, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

> **Clerk of Court**
> **U.S. District Court - Oregon**
> **1000 S.W. 3rd Ave., Ste. 740**
> **Portland, OR 97204**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ **Joint and Several**

**Case Number**
**Defendant and Co-**
**Defendant Names**
(including Defendant number)    **Total Amount**    **Joint and Several Amount**    **Corresponding Payee, if appropriate**

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court costs:
☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

**See Preliminary Order of Forfeiture and Final Order of Forfeiture filed with this Judgment.**

---

[1] Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.