ANDREW D. COIT, OSB #972378
CHELSEA B. PAYMENT, OSB #141125
Coit & Payment, Attorneys at Law, P.C.
800 Willamette Street, Suite 700
Ph: 541.685.1288
Fax: 541.653.8224
Chelsea@lawfirmeugene.com
Andrew@lawfirmeugene.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br>vs.<br><br>STEVEN DOUGLAS ROCKETT,<br><br>           Defendant. | Case No.: 3:13-CR-00557-SI<br><br>DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM ON RESTITUTION |

Defendant, Steven Douglas Rockett, through his attorneys Andrew D. Coit and Chelsea B. Payment, respectfully submits this supplemental memorandum for defendant's sentencing on the issue of restitution.

I.  INTRODUCTION AND BACKGROUND.

On September 8, 2016, the Court sentenced defendant to a total of 60 years' imprisonment followed by a life term of supervised release for convictions involving sexual exploitation and abuse of children. The Court deferred the issue of restitution at the sentencing hearing, which is presently before the Court. The Government is seeking restitution in the amount of $22,800 for alleged losses sustained by four of the alleged victims named in this case.

///

Page 1 of 12 – DEFENDANT'S SUPPLEMENTAL SENTENCING
MEMORANDUM ON RESTITUTION

The Government divides each victim's losses into three categories: travel expenses for evaluation purposes, the costs of recommended treatment, and educational/vocational rehabilitation costs. The Government requests restitution be apportioned as follows:

    Victim GG's claim for restitution of $9,100. The Government submits that GG's claim for restitution should be applied to losses for anxiety/anger treatment ($1,200), PTSD intervention and treatment (including report) ($1,700), financial aid for high school (two years) ($1,000), and financial aid for college (four years) ($5,200). GG's claim for restitution arose from allegations that defendant took GG's picture when he was taking a shower in defendant's hotel room.

    Victim MG's claim for restitution of $3,500. The Government submits that MG's claim for restitution should be applied to losses for stress management ($1,200), Family therapy (including report) ($1,300), and financial aid for education (two years) ($1,000). MG's claim for restitution arose from allegations that defendant contacted MG online and asked MG to e-mail defendant pictures of herself. In addition, MG's friend's mother, Charis Jumoa-As, was alleged to have taken naked pictures of MG and e-mailed them to defendant.

    Victim VP's claim for restitution of $6,300. The Government submits that VP's claim for restitution should be applied to losses for stress management ($1,200), PTSD intervention and treatment (including report) ($1,700), financial aid for education (two years) ($1,000), and financial aid for vocational training (two years) ($2,400). VP's claim for restitution arose from allegations that defendant took pictures of VP and VP's friends while they were showering in his hotel room.

    Victim JDL's claim for restitution of $3,900. The Government submits that JDL's claim for restitution should be applied to losses for anger management ($1,200), PTSD intervention

and treatment (including report) ($1,700), financial aid for education (one semester) ($600), and financial aid for licensing ($400). JDL's claim for restitution arose from allegations that defendant touched JDL's penis and performed oral sex on him while JDL was in his hotel room.

Defendant objects to the amount of the Government's restitution request. Defendant requests a hearing on the issue of restitution. Defendant does not wish to be transported for the restitution hearing. Defendant stipulates to the foundational admissibility of Exhibits A-E as provided in the Government's Supplemental Sentencing Memorandum on Restitution.

II.     DISCUSSION.

   A.   Restitution Awarded Under The Mandatory Victim's Restitution Act 18 U.S.C. § 3663A, And the Mandatory Restitution for Sexual Exploitation of Children Act, 18 U.S.C. § 2259.

The victim's potential recoverable losses under section 2259 include, (A) medical services relating to psychiatric or psychological care; (B) physical and occupational therapy or rehabilitation; (C) necessary transportation, temporary housing, and childcare expenses; (D) lost income; (E) attorneys' fees and other costs incurred; and (F) "any other losses suffered by the victim as a proximate result of the offense." 18 U.S.C. § 2259(b)(3)(A)-(F). An award of restitution award must be "adequately supported by evidence in the record," and the Court's reasons for ordering a restitution award must be sufficiently explained. United States v. Tsosie, 639 F.3d 1213, 1222 (9th Cir. 2011). The amount of restitution ordered under section 2259 "requires a causal connection between the offense of conviction and the victim's harm." United States v. Laney, 189 F.3d 954, 966 (1999). Accordingly, the Government must show that the defendant's criminal conduct is the proximate cause of the victim's losses. Paroline v. United States, 134 S.Ct. 1710, 1722 (2014).

In ordering restitution under section 2259, the Court must comply with the procedures set forth in 18 U.S.C. §§ 3664 and 3663A. See 18 U.S.C. § 2259. An award of restitution under the Mandatory Victim's Restitution Act (MVRA), 18 U.S.C. § 3663A, is limited to the victim's "actual losses." United States v. Fu Sheng Kuo, 620 F.3d 1158, 1165-66 (9th Cir. 2010). The "burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the government." 18 U.S.C. § 3664(e). The Government bears the burden of proving the victim's losses by a preponderance of the evidence. United States v. Waknine, 543 F.3d 546, 556 (9th Cir. 2008). The Government must prove "that the victim suffered an actual loss in a quantifiable amount." United States v. Anderson, 741 F.3d 938, 954 (9th Cir. 2013). "Where the alleged loss is not quantifiable to any degree of certainty, the government's burden has not been satisfied, and no restitution should be ordered." Id. at 954; Cf. 18 U.S.C. § 3663A(c)(3)(B).

Defendant submits that there is insufficient evidence in the record to conclude that the losses claimed by GG, VP, MG, and JDL constitute actual losses that have been quantified by any degree of certainty. Moreover, defendant asserts that the Government failed to meet its burden in proving that restitution for the alleged losses (travel expenses for evaluation purposes, the costs of recommended treatment, and educational/vocational rehabilitation costs) were proximately attributable to defendant's conduct. Defendant will address each victim's request for restitution below.

    B.    <u>The Government Failed to Prove The Victims' Actual Loss In A Quantifiable Amount With Any Degree of Certainty.</u>

    i.    <u>GG's Claim for $9,100.</u> The psychological assessment of GG conducted by Dr. Harner concludes that GG suffers from Post-Traumatic Stress Disorder, with Delayed Onset, and Generalized Anxiety Disorder. (ECF 177, Exhibit B at 1-10). Dr. Harner recommends GG

Page 4 of 12 – DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM ON RESTITUTION

undergo trauma focused cognitive behavioral therapy and post-traumatic stress disorder intervention and treatment to address GG's symptoms. (Id. at 9). Defendant asserts that the extent of GG's psychological harm is not attributable to defendant's conduct. Dr. Harner's assessment of GG included GG's report of growing up with an absent father, and witnessing domestic violence between GG's parents that is ongoing. (Id. at 1-2). Dr. Harner's report documented that GG's attitude towards his father shows significant distress. (Id. at 5). Defendant asserts that it is undoubtable that these violent events and GG's poor relationship with his father adversely impact GG's psychological health, and significantly contribute to GG's reported symptoms. Dr. Harner's report does not clarify the contribution that these events and circumstances had on GG's psychological health, and the ultimate recommendation for GG's psychological treatment. While Dr. Harner's report recommends GG receive future psychological care, the report does not indicate whether the recommendation is based solely upon GG's symptoms as resulting from defendant's conduct; GG's poor relationship with his father and the violence he witnessed between his parents; or a combination of factors and, if so, the extent to which defendant's conduct contributed to GG's harm. Accordingly, without knowing the extent to which these factors affected Dr. Harner's recommendation that GG receive future psychological care, defendant submits that the Government has failed to prove GG's actual loss with any degree of certainty. Ultimately, it remains unknown the extent to which defendant's conduct, if any, resulted in GG's need for future psychological care. Therefore, the amount of restitution requested for GG's psychological care is based upon insufficient evidence and should be denied.

  The Government further requests restitution for GG's future education expenses in the amount of $6,200. (ECF 174 at 7). Defendant submits that the Government has failed to meet its

burden in proving that defendant's conduct caused GG to suffer actual losses pertaining to education. The evidence provided in support of GG's claim for restitution pertaining to education consists of Dr. Harner's report (ECF 177, Exhibit B), and the Victim Impact Statements of GG and GG's mother. (ECF 147-1 at 3, 7). Defendant submits that this evidence is insufficient to award restitution for GG's future education expenses. Neither GG's nor his Mother's Victim Impact Statements attribute GG's education loss to defendant. In fact, in her Victim Impact Statement GG's mother attributes GG's education loss to GG's father being unemployed, not to defendant's conduct. (ECF 147-1 at 3). GG's Victim Impact Statement also fails to establish his education loss as being attributable to defendant. When discussing education in his Victim Impact Statement, GG simply states that his family does "not have money for college tuition." (ECF 147-1 at 7). Additionally, while defendant concedes that Dr. Harner's Curriculum Vitae qualifies her to assess and recommend GG's psychological care, it fails to establish that she is a qualified education or vocational training consultant. (ECF 174 at Exhibit A). Defendant submits that Dr. Harner's recommendation that GG receive restitution in the amount of $6,200 for financial aid for education fails to establish GG's actual losses with a quantifiable degree of certainty. Dr. Harner is not a qualified education or vocational training expert who can make a recommendation as to the extent of GG's loss as it pertains to education.

      ii.    <u>MG's Claim for $3,500.</u> The psychological assessment of MG performed by Dr. Harner concludes that MG does not suffer from any psychological disorders. (ECF 177, Exhibit C at 5). Dr. Harner's report recommends future psychological care for MG to address symptoms of anxiety and prevent the onset of antisocial disorder. (<u>Id</u>. at 6-7). Defendant submits that Dr. Harner's report fails to establish to a degree of certainty the extent to which MG is likely to develop psychological disorders due to defendant's conduct. Defendant asserts that MG has not

suffered an actual loss necessitating future psychological care because she has not been diagnosed with any psychological disorder. Accordingly, Defendant asserts that the Government has failed to prove MG's actual losses with respect to restitution for future psychological care in the amount of $2,500.

The Government's request for restitution for MG includes the cost of financial aid for two years of education totaling $1,000. (ECF 174 at 8). Defendant submits that the Government failed to meet its burden regarding whether defendant's conduct caused MG to suffer an actual loss related to education. The Government produced no evidence from a qualified education expert regarding the amount of MG's educational losses. Again, defendant submits that Dr. Harner's qualifications as an expert do not extend to educational or vocational matters. In her Victim Impact Statement, MG states that her "schooling is now badly damaged because [she] [does] not have any more friends at school." (ECF 147-1 at 5). However, MG's statement attributing her educational hardships to defendant do not provide an actual loss to a quantifiable degree of certainty. Accordingly, the amount of restitution requested for MG's future educational expense lacks sufficient supporting evidence and fails to establish the causal connection between the loss and defendant's conduct, and should be denied.

iii.     VP's Claim for $6,300. The psychological assessment of VP conducted by Dr. Harner concludes that VP suffers from Post-Traumatic Stress Disorder with Delayed Onset, co-morbid with Generalized Anxiety Disorder. (ECF 177, Exhibit D at 6). Dr. Harner's recommendations for psychological care emphasize relocating VP and his family from the Baranguay Luz so they can enjoy a more quality standard of living. (Id. at 6). Dr. Harner's report fails to conclude that VP's and his family's poor economic circumstances are the result of defendant's conduct. Moreover, Dr. Harner's report does not consider the extent to which VP's

Page 7 of 12 – DEFENDANT'S SUPPLEMENTAL SENTENCING
MEMORANDUM ON RESTITUTION

psychological symptoms may be attributed to his financial hardships, which defendant believes inevitably impact VP's mental health condition. Ultimately, while Dr. Harner's report discusses VP's poor economic circumstances at length and recommends treatment to address that issue, it fails to consider the extent to which those circumstances contribute to his diagnosis. Without knowing the extent to which VP's impoverished circumstances contributed to his psychological health, and without evidence that Dr. Harner considered that factor in the context of assessing whether VP suffered psychological harm due to defendant's conduct, the amount of restitution requested by the Government lacks a quantifiable degree of certainty.  Accordingly, the Government's request for restitution for VP to receive future psychological care in the amount of $2,900 does not constitute an actual loss that carries a quantifiable degree of reasonable certainty and should be denied.

As with the other victims' claims for restitution in this case, the Government is requesting VP receive restitution for the cost of education and vocational training totaling $3,400. (ECF 174 at 9).  Defendant asserts that the Government has failed to meet its burden in proving the amount of VP's education and vocational loss, and that any such loss is the result of defendant's conduct. The evidence regarding VP's claimed education and vocational losses include VP's Victim Impact Statement (ECF 147-1 at 11), and Dr. Harner's psychological report. (ECF 177, Exhibit D at 6). In his Victim Impact Statement, VP does not attribute his lack of education to defendant's conduct. (ECF 147-1 at 6).  Rather, VP claims that he "quit school because [his family] does not have enough money." (Id. at 6).  Defendant asserts VP's education and vocational training hardships are due to his poor financial circumstance, and not the result of defendant's conduct. As to the amount of restitution requested, defendant asserts that Dr. Harner is not an expert who is qualified to offer an opinion on the specific amount of VP's education

and vocational losses. Without the opinion of a qualified educational and vocational expert, defendant submits that the extent of VP's claimed education and vocational losses are not quantifiable and the appropriate amount of restitution, if any, remains uncertain.

    iv.    <u>JDL's Claim for $3,900.</u> JDL underwent a psychological assessment with Dr. Harner that resulted JDL being diagnosed with Post-Traumatic Stress Disorder with Delayed Onset, and Depersonalization Disorders. (ECF 177, Exhibit E at 6). Based on JDL's assessment, Dr. Harner recommends JDL receive future psychological care in the form of individual psychotherapy and trauma focused cognitive behavioral therapy totaling $2,900. During the assessment, JDL discussed the high-conflict relationship between his parents that resulted in his witnessing many "bouts of domestic violence." (ECF 177, Exhibit E at 2). Additionally, JDL discussed his difficult relationship with his father, longingness to be loved and accepted by his father, and anger at his father for "being drunk and irresponsible." (<u>Id</u>. at 2). Dr. Harner's recommendation for JDL's future psychological care did not consider the extent to which JDL's difficult relationship with his father and witnessing domestic violence between his parents impacted his psychological health and contributed to Dr. Harner's recommendation. Without considering those factors, the amount and extent of JDL's psychological harm that is claimed to be attributable to defendant's conduct remains uncertain.

    The Government is also requesting that JDL receive restitution for education and licensing in the amount of $1,000. (ECF 174 at 10). Defendant asserts that the Government has failed to meet its burden in proving the amount of JDL's educational and licensing loss, and that the claimed loss was caused by defendant's conduct. There is limited evidence in the record to support JDL's request for restitution pertaining to education and licensing. Dr. Harner's psychological report provides that JDL reported that he was trying to "keep focused on his goal

to finish school so he can leave this community and work abroad." (ECF 177, Exhibit E at 3). However, nothing in Dr. Harner's report provides that JDL is in danger of not finishing school or unable to obtain his license due to defendant's conduct. While Dr. Harner's report does recommend that JDL receive financial aid to finish schooling and prepare for his licensure (ECF 177, Exhibit E at 7), defendant submits that Dr. Harner is not an expert who is qualified to recommend services pertaining to education and licensing. Defendant asserts that Dr. Harner's recommendation is insufficient evidence of an actual quantifiable loss that is attributable to defendant's conduct. JDL's Victim Impact Statement provides that he is "trying to figure things out mentally and financially about [his] Licensure Exam/Board Exam and also for [his] future career." (ECF 147-1 at 15). However, JDL does not indicate that these efforts are due to defendant's conduct. Ultimately, defendant submits that the restitution amount of $1,000 pertaining to JDL's education and licensing is not adequately supported by evidence in the record.

///

///

///

///

///

///

///

///

///

///

Page 10 of 12 – DEFENDANT'S SUPPLEMENTAL SENTENCING
MEMORANDUM ON RESTITUTION

III.   CONCLUSION.

The Court should deny the victims' requests for restitution in its entirety based on insufficient evidence in the record to support the full amount of restitution requested.  In the alternative, the Court should reduce the victims' request for restitution based on quantifiable evidence contained in the record supports a finding that each victim suffered an actual loss to a degree of certainty based upon defendant's conduct.

RESPECTUFLLY SUBMITTED this 8th day of February, 2017.

>   */s/ ANDREW D. COIT*
>   Andrew D. Coit, OSB #972378
>   Of Attorneys for Defendant
>
>   */s/ CHELSEA B. PAYMENT*
>   Chelsea B. Payment, OSB #141125
>   Of Attorneys for Defendant

CERTIFICATE OF SERVICE

      Defense counsel hereby certifies that on February 8, 2017, defense counsel electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which provides notification of such filing to the following individual(s):

Paul T. Maloney
US Attorney's Office
District of Oregon
1000 SW 3rd Ave., Ste. 600
Portland, OR 97204
E-Mail: paul.maloney@usdoj.gov

Gary Sussman
US Attorney's Office
District of Oregon
1000 SW 3rd Ave., Ste. 600
Portland, OR 97204
E-Mail: gary.Sussman@usdoj.gov

                                              */s/* ANDREW D. COIT
                                              Andrew D. Coit, OSB #972378
                                              Of Attorneys for Defendant

                                              */s/* CHELSEA B. PAYMENT
                                              Chelsea B. Payment, OSB #141125
                                              Of Attorneys for Defendant