BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
paul.maloney@usdoj.gov
**GARY Y. SUSSMAN, OSB #87356**
Assistant United States Attorney
gary.sussman@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:13-CR-00557-SI |
| v. | GOVERNMENT'S THIRD SUPPLEMENTAL SENTENCING MEMORANDUM ON RESTITUTION |
| **STEVEN DOUGLAS ROCKETT,** | |
| **Defendant.** | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and Paul T. Maloney and Gary Y. Sussman, Assistant United States Attorneys, submits the following third supplemental sentencing memorandum on restitution for the Court's consideration in this case.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant Steven Douglas Rockett sexually abused and exploited children in Oregon and in the Philippines.  A jury convicted him of crimes stemming from those criminal activities. This Court found that the four Filipino victims suffered economic losses and ordered defendant to pay a total of $22,800 in restitution to those victims.  However, the Court was reluctant to order that

restitution payments be made directly to the minor victims, or even to their parents. The Court directed the government to provide a recommendation on the manner in which the Court should arrange for the disbursement of restitution payments to those victims. The government's recommendation follows. Counsel for defendant continues to object to the entry of a restitution order, but does not object to the government's recommendations as to the manner of disbursing restitution payments to the victims.

## II.     DISCUSSION

### A.     *Entry of Amended Judgment for Restitution*

The Court has determined defendant owes restitution to the four Filipino victims in the amounts listed below:

    Victim *GG*……………………………………………….…………… $9,100.00

    Victim *MG*……………………………………………………...……$3,500.00

    Victim *VP*………………………………………….….…………… $6,300.00

    Victim *JDL*……………………………………………….….….…… $3,900.00

    **TOTAL RESTITUTION……..…………………………...……...$22,8000.00**

(ECF 183). Victim *JDL* is now an adult; the other three are still minors.

The government recommends that the Court enter an Amended Judgment ordering defendant to pay restitution in those amounts to the victims. The Court should direct that restitution payments be made to the Court. The Court should hold any payments received, and should notify the parties, so that the government can propose an appropriate distribution plan.

Upon receipt of restitution payments, the Court should disburse restitution payments directly to any victim who at least 18 years of age when the payment is made. For any victim who is not at least 18 years of age when payment is received, the Court should appoint a suitable

representative pursuant to 18 U.S.C. § 2259(c).  The Court should further order that upon receipt of any restitution funds, the Court will hold these funds, and notify the parties so that Government can propose an appropriate distribution plan to the victims or if the victim is a minor, their representative.

### B. *Government Recommendations for Distribution of Restitution*

Upon receiving such notification from the court that restitution funds are available, the government will propose a plan for distribution to the victims that takes into account the statutory provisions related to restitution for minor victims, logistical concerns with paying money to foreign victims, and that limits the costs associated with establishing a trust for the purposes of restitution.[1]

### 1. **Statutory Considerations: 18 U.S.C. § 2259(c)**

Restitution in child sexual exploitation cases is mandatory. 18 U.S.C. §§ 2259(a) and (b)(4).  In cases where the victim is under the age of 18, incompetent, incapacitated, or deceased, the term victim includes "any other person appointed as suitable by the court but in no event shall the defendant be named as such representative or guardian." 18 U.S.C. § 2259(c).  Here, victims GG, MG, and VP are all under 18, and the Court may appoint a "suitable" representative or guardian for the purposes of restitution. Although victim JDL was under the age of 18 at the time of the offense, he is presently over the age of 18 and not otherwise incompetent, incapacitated, or deceased. Accordingly, the restitution statute does not allow a representative to

---

[1] The government could find no authority to require the victims to provide an accounting to defendant of how restitution funds are used, nor could the government find any authority requiring victims to return unspent restitution funds to defendant.

**Government's Third Supplemental Sentencing**
**Memorandum on Restitution**                                                                          **Page 3**

be appointed for him.² Similarly, if the restitution funds are not available until after the remaining victims reach the age of 18, then the statute would not allow for distribution to a designated representative.

The Court could order that the restitution moneys be directed and paid into a trust for the benefit of the minor victims. However, establishing a trust without start-up funds or identified fiduciaries presents logistical and payment difficulties.

### 2.     Logistical Considerations

The Court has the authority to direct restitution payments to be paid into a trust for the benefit of each minor victim. The government has researched other similar trusts that have been established for the benefit of foreign victims of child sexual abuse. Typically, there are pre-identified assets (i.e. cash, bank accounts, or real estate) that fund the initial corpus of the restitution trust. Attorney fees, start-up costs, and management costs are paid out of the corpus. Typically, there are organizations identified to manage these trusts at a reduced fee for foreign victims of sexual exploitation. ³

One such organization is The Center for Special Needs Trust Administration, Inc., of Clearwater, Florida (The Center). The Center has established and administered similar trusts in other foreign sex tourism prosecutions. The Center structures these trusts with a trustee in the

---

² Under the Crime Victim's Rights act, victims are afforded the right to full and timely restitution as provided by law. 18 U.S.C. § 3771(a)(6). Unless the victim is under the age of 18 or otherwise incompetent, the restitution payments must be paid to the victim in a timely manner.

³ The government has learned that in other similar cases, the fee associated with starting the trust is approximately $2,500. The trust maintenance fees are either $500 per year or 2% of the value of the corpus.

**Government's Third Supplemental Sentencing**
**Memorandum on Restitution**                                                                                        **Page 4**

United States and an appropriate representative in the Philippines to serve as a local fiduciary representative for minor victims to coordinate their treatment and schooling costs. The overseas fiduciary formulates a periodic plan of expected costs for the minor child(ren) for the given period and presents that plan to the trustee for approval and payment.

Since there are no pre-identified assets to use to readily establish a restitution fund in this case, a trust may not be needed because the victims could be over 18 when funds are obtained to pay the judgment in this matter. If the Court notifies the government that restitution funds are available for distribution, the government can be in a better position to determine: (1) if a trust is needed for any minor victims; (2) who will establish the trust; (3) what the terms of the trust will be; (4) who will maintain the trust; and (5) who will serve as the victim's representative in the Philippines.

### 3. Cost Considerations

The government has explored the costs associated with establishing, maintaining, and managing a restitution trust. Start-up costs can include attorney fees to establish the trust, management fees payable to the trustee (either a flat fee, or a percentage of the corpus), and potentially a fee to pay the designated representative overseas (unless a suitable non-governmental organization is willing to serve as a representative *pro bono*). The Court has expressed some concerns about who will bear these costs. Should these costs be deemed necessary by the Court to facilitate the distribution of restitution to the foreign minor victims, the government's position is that these are costs incurred by the victim for "attorneys' fees as well as other costs incurred" and should be paid by the defendant pursuant to 18 U.S.C. § 2259(b)(3)(E).

Nevertheless, the government's recommended approach – holding any restitution monies in the Court's registry and formulating an appropriate distribution plan – could mitigate some or

all of the costs associated with a restitution trust because these costs would only be incurred if the victims are still minors at the time there is restitution money available to pay.

## II.     CONCLUSION

For the reasons set forth above, the government respectfully requests the Court enter an Amended Judgment ordering defendant to pay restitution to the victims or their representative(s) in the amounts listed above, and direct the Clerk to hold any restitution funds received in the Court's registry and to notify the government to propose a distribution plan to be approved by the Court. The government further requests that all restitution amounts be due and payable in full immediately ant that any funds received be distributed to the victims or their designated representative(s) on a pro rata basis.

DATED this 18th day of May, 2017.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Paul T. Maloney*
PAUL T. MALONEY
Assistant United States Attorney

*/s/ Gary Y. Sussman*
GARY Y. SUSSMAN
Assistant United States Attorney