THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

FILED 20 DEC '19 10:34 USDC-ORP

| | |
|---|---|
| United States<br><br>v.<br><br>Steven Douglas Rockett | Case No. 3:13-cr-00557-SI<br><br>PETITIONER'S RESPONSE TO THE GOVERNMENT'S MOTION TO COMPEL FORMER COUNSEL TO PROVIDE INFORMATION PERTINENT TO DEFENDANT'S MOTION FOR RELIEF UNDER 28 U.S.C. 2255; MOTION FOR EXTENSION OF TIME TO FILE RESPONSE |

The Petitioner, pro se, Steven Douglas Rockett, a federal inmate at USP Tucson requests the Court to accept the Petitioner's response to government's Motion to Compel Former Counsel to Provide Information Pertinent to Defendant's Motion For Relief Under 28 U.S.C. 2255; Motion for Extension of Time to File Reponse.

## MOTION TO COMPEL FORMER COUNSEL

If the Court grants the government's motion to compel, the Petitioner requests that the Court's order be narrow in scope. The Court order should only allow disclosure of attorney-client information to the extent necessary to ensure the government is not unfairly prejudiced in responding to the Petitioner's claims of ineffective assistance of counsel.

The Petitioner requests that the Court's order clearly delineates the contours of the limited waiver of any attorner-client information. If a party complies with the Court's conditions and turns

1

over privileged materials, it is entitled to rely on the contours of the waiver the Court imposes, so that it will not be unfairly surprised in the future by learning that it actually waived more than it bargained for in pressing its claims. see Transamerica Computer Co. v. IBM Corp., 573 F.2d 646, 652 (9th cir. 1978) (holding that, because the district court had made an explicit ruling "protecting and preserving all claims of privilege" to expediate the parties discovery," IBM did not waive its right to claim privilege as to any documents produced after [the] date [of the order]").

The Petitioner requests that the Court enter a protective order under F.R.C.P. (26) to limit distribution of any materials or information the government attorney should receive that is attorney-client privileged. The protective order should also include that any attorney-client information would not be allowed to be used in trial if a re-trial was ordered.

## MOTION FOR EXTENSION OF TIME

The Petitioner objects to the government's request for an extension of 120 days to allow the government to respond to the Petitioner's 28 u.s.c. 2255 motion.

A schedule may be modified upon showing of good cause. F.R.C.P. 16 (b). Good cause exists when the moving party demonstrates he or she cannot meet the deadline despite exercising due diligence. see Blue v. Grannis, 2007 U.S. Dist. LEXIS 6547 (E.D. Cal. 2007) (qouting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th cir. 1992)).

To obtain an extension of time beyond that set in a scheduling

2

order, the moving party must explain what he has done to meet the deadline. Blue v. Grannis. Courts have previosly noted, "if counsel can show that, despite having diligently taken appropriate advance planning measures, there are unavoidable and unforseen reasons that prevent counsel from meeting a scheduling deadline, then the Court will not hesitate to grant an extension of time." McDaniel v. Town of Enfield, 227 F.Supp.3d 195, 197 (D.Conn. 2016). But "if counsel files a motion that does little or nothing to show that counsel planned and took reasonable measures to comply with the deadline, then the motion for extension of time will not ordinarily be granted." Ibid.

The requirements set forth in the Court's rules "are not mere guidelines or suggestions," and court-ordered filing dates "are not subject to unilateral postponement by counsel as convenience might beckon or as absence of foresight and planning might seem at the last moment to make necessary." Ibid.

The government waited until the last moment to file this motion. A multi-year experienced attorney such as Maloney would have known weeks before the deadline that the government would need to submit a motion to compel and extension of time. Yet the only reason Maloney gives for the motions is Maloney's busy schedule. A busy schedule is not "good cause" for an extension of time.

Maloney works in an office with co-counsel, paralegals, assistants and other support staff. Yet, Maloney never states what due diligence the government did before the deadline. Even if the government needed information from the Petitioner's previous attorneys to answer part of the Petitioner's motion, there are other parts of the Petitioner's motion that Maloney could have

3

worked on. Maloney also could have submitted the motion to compel when the government realized it was needed, not at the last moment of the deadline.

The Petitioner opposes the government's motion to compel and extension of time because the government has not shown due diligence during the time given for a response. But if the Court should grant an extension of time, the Petitioner requests that it be for more reasonable and appropriate 60 days.

_12/16/19_
Date

_Steven Rockett_
Steven Douglas Rockett
75742065
USP Tucson
P.O. Box 24550
Tucson, AZ 85734

CERTIFICATION

I hereby certify that a true copy of the foregoing was mailed this __16th__ day of __Dec__, 20__19__ to:

Clerk of Court
Mark O. Hatfield
U.S. Courthouse
1000 SW 3rd Ave
Portland, OR 97204

Paul Maloney Attorney
U.S. Department of Justice
1000 SW 3rd Ave
Suite 600
Portland, OR 97204

_____
Steven Douglas Rockett