IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,  Plaintiff,  v.  **STEVEN DOUGLAS ROCKETT**,  Defendant. | Case No. 3:13-cr-557-SI  **OPINION AND ORDER** |

Natalie K. Wight, United States Attorney, and Amy Potter, Paul T. Maloney, and Gary Y. Sussman, Assistant United States Attorneys, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for United States of America.

Bear Wilner-Nugent, BEAR WILNER-NUGENT, COUNSELOR AND ATTORNEY AT LAW LLC, 620 SW Fifth Avenue, Suite 1008, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Defendant Steven Douglas Rockett (Rockett) moves under 28 U.S.C. § 2255 to vacate his sentence and remand this case for a new trial. The Court has reviewed Rockett's motion, the government's response, Rockett's reply, and the submission made by Rockett's prior counsel. For the reasons explained below, the Court denies Rockett's motion.

## STANDARDS

Section 2255 of Title 28 of the United States Code permits a federal prisoner in custody under sentence to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a).

A prisoner seeking relief under § 2255 also must file this motion within a one-year statute of limitations. The limitations period begins to run on the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. § 2255(f). A judgment of conviction becomes final when the period for filing a direct appeal of that judgment lapses. *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration and emphasis in original) (quoting § 2255(b)). In determining whether a

§ 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quotation marks omitted) (alteration in original). A district court may summarily dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1063 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Conclusory statements in a § 2255 motion do not require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

If a court denies a habeas petition, the court may issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the prisoner's] constitutional claims or [if] jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see* 28 U.S.C. § 2253(c)(2). Although the prisoner need not prove the merits of his case for the court to issue a certificate of appealability, the prisoner must show "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotation marks omitted).

## BACKGROUND

On May 25, 2016, a federal jury found Rockett guilty of eight charges. ECF 136. These included one count of producing or attempting to produce child pornography outside the United States, one count of engaging in illicit sexual conduct in foreign places, five counts of attempting to produce child pornography, and one count of possessing child pornography. On September 8, 2016, this Court sentenced Rockett to 60 years' imprisonment followed by a life term of supervised release. ECF 151. Rockett is to serve forty-five years of his federal sentence consecutive to his state sentence for related charges. *Id.*

Rockett appealed to the Ninth Circuit on May 17, 2017, and again on December 22, 2017. The Ninth Circuit rejected Rockett's challenges in a single opinion dated November 5, 2018. *See United States v. Rockett*, 752 F. App'x 448, 449-50 (9th Cir. 2018), *cert. denied*, *Rockett v. United States*, 140 S. Ct. 484 (2019). Rockett timely moved *pro se* to vacate his sentence under 28 U.S.C. § 2255. The Court appointed counsel to represent Rockett, and counsel filed an amended motion on behalf of Rockett. In that amended motion, Rockett moves for relief on the grounds that his constitutional rights were violated by prosecutorial misconduct and ineffective assistance of trial and appellate counsel.

## DISCUSSION

### A. Prosecutorial Misconduct

Rockett alleges that prosecutorial misconduct occurred both before and during his trial that violated his constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments. First, he alleges that the prosecutor knew or should have known that several government witnesses presented false or misleading testimony. Second, Rockett alleges that the prosecutor made improper and prejudicial comments during opening statement, closing argument, and rebuttal argument. The United States responds that Rockett's allegations of constitutional violations are not cognizable in his § 2255 motion because the alleged violations have been previously litigated or were abandoned on direct appeal and thus procedurally defaulted.

#### 1. Previously Litigated Claims

The United States argues that Rockett cannot base his § 2255 motion on several of his prosecutorial misconduct claims because he has already litigated them on appeal. "When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000); *see also United States v. Moses*, 642 F. Supp. 2d

1216, 1223 (D. Idaho 2009) ("To the extent that [a prisoner's] issues have been raised on appeal, they cannot be relitigated in a collateral proceeding." (collecting Ninth Circuit cases)).

The United States contends that Rockett has previously litigated two prosecutorial misconduct claims alleged in his motion: first, regarding the amount of evidence that the government offered to support the restitution awarded to the victims; and second, regarding the constitutionality of the jury instructions describing the factors used to determine whether an image is intended to arouse. The record confirms the government's assertion. Rockett appealed both of these issues to the Ninth Circuit and lost. *See Rockett*, 752 F. App'x at 449-50. Rockett offers no rebuttal to the government's argument. Accordingly, Rockett cannot base his § 2255 claim on these previously litigated claims.

### 2. Procedurally Defaulted Claims

The United States also contends that Rockett has procedurally defaulted on his remaining prosecutorial misconduct claims because he failed to raise them on appeal without good cause. "A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default." *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). A § 2255 movant can overcome this procedural default only if he or she can "demonstrate either cause and actual prejudice or that he is actually innocent." *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007) (quotation marks omitted).

Rockett responds that at least some of his prosecutorial misconduct claims rely in part on additional evidence that was not reasonably available at the time of his trial or direct appeal. Such circumstances, if true, could satisfy the "cause" prong that Rockett needs to overcome to proceed on his procedurally defaulted prosecutorial misconduct claims. *See Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000) ("To allege cause for a procedural default, a

PAGE 5 – OPINION AND ORDER

petitioner must assert that the procedural default is due to an objective factor that is external to the petitioner and that cannot fairly be attributed to him." (quotation marks omitted)). Rockett, however, does not identify any previously unknown evidence. Rockett's prosecutorial misconduct claims do not on their face appear to rely on evidence unavailable at trial. Rather, Rockett alleges that the prosecutor knew or should have known that various witnesses were testifying falsely during trial, referenced facts not in evidence, made improper and prejudicial comments during opening statement and closing argument, vouched for witnesses, and encouraged jurors to rely on their passions rather than evidence. Because Rockett also bases his ineffective assistance of counsel claims on the same allegations, he appears to concede that such knowledge was available to him and his counsel as well as to the prosecutor at the time.[1] Thus, Rockett cannot overcome the procedural default against these claims by showing that missing evidence provided good cause as to why he did not raise these allegations on direct appeal.

Rockett also argues that ineffective assistance of counsel prevented him from raising these prosecutorial misconduct claims on appeal. "Constitutionally ineffective assistance of counsel constitutes cause sufficient to excuse a procedural default." *Ratigan*, 351 F.3d at 964-65 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Because the Court finds that Rockett fails to show that his trial and appellate counsel provided constitutionally ineffective assistance for the reasons described below, this argument for cause does not overcome the procedural default against Rockett's prosecutorial misconduct claims.

---

[1] Rockett does raise one prosecutorial misconduct claim that relies on the testimony of a victim, whose initials are N.L., provided in a subsequent civil legal proceeding. Rockett alleges that this testimony conflicts with the testimony that N.L. gave at Rockett's trial, and that the prosecutor knew or should have known that N.L.'s testimony was false. Rockett, however, provides no details about this purported conflict of evidence. Thus, there is no evidence before the Court that, even if N.L.'s testimony during Rockett's trial was false, the prosecutor knew or should have known about this discrepancy.

## B. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Rockett must show that (1) his counsel's performance was "deficient" and (2) his counsel's performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

To satisfy the deficiency prong, Rockett must show that his attorney's actions "were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. For reviewing courts, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. "Put differently, the 'defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *May v. Shinn*, 954 F.3d 1194, 1203 (9th Cir. 2020) (quoting *Strickland*, 466 U.S. at 689).

To satisfy the prejudice prong, Rockett must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.

In his motion for relief under § 2255, Rockett makes 34 claims of ineffective assistance of counsel. In the interests of clarity and efficiency, the Court groups these claims where appropriate.

PAGE 7 – OPINION AND ORDER

**1. Trial Testimony**

Rockett argues that his counsel was ineffective for failure to prepare for, object to, or otherwise confront false or misleading testimony from several witnesses. Rockett claims that his counsel was constitutionally deficient in failing to oppose testimony by: Michael Hanada, the United States' computer forensic expert, on the ages of individuals in evidentiary photographs and on other allegedly false statements; four witnesses for the United States who appeared in photographs or videos that Rockett took in the Philippines and who were underage at the time; and Justin Lazenby, the United States' forensic technician, who testified about a hidden camera that had been found in the bathroom of Rockett's home, where his elderly mother also lived.

Rockett's claims do not overcome the presumption of competence that the Court must extend to his counsel. The record shows that Rockett's counsel acted effectively with respect to the purportedly false or misleading testimony. For example, Rockett's counsel did in fact object to Hanada's testimony about the age of the individuals depicted in the evidentiary photographs. ECF 171 at 103. Trial counsel cross-examined Hanada and prepared to call rebuttal witnesses but ultimately decided against that approach. *See, e.g.*, ECF 171 at 144 (recross in transcript); ECF 239 at 6, 18, 30 (declarations by trial counsel). Hanada also testified that he worked as a child abuse detective for three years, providing a reasonable explanation for why Rockett's counsel may not have continued to object. ECF 263 at 23. Trial counsel hired investigators[2] and states under oath that counsel made good faith motions and objections to the government's witnesses based on counsel's knowledge of the facts. ECF 239 at 2, 5-6, 9-12.

Rockett's remaining claims about his trial counsel's failure to object to purportedly false or misleading testimony are similarly unconvincing. The record shows that Rockett's conclusory

---

[2] *See* Section B.3, *infra.*

arguments are either inaccurate or unreflective of ineffective lawyering. Under the deferential standard of review required by *Strickland*, Rockett fails to show that his trial counsel's decisions to refrain from objecting to certain testimony were constitutionally deficient rather than "sound trial strategy." *May*, 954 F.3d at 1203.

### 2. Trial Strategy

Rockett argues that his counsel was ineffective in other respects at trial. Rockett claims that his trial counsel was constitutionally deficient because his counsel failed to: object to the prosecution's purportedly improper and prejudicial comments during opening statement and closing argument; challenge the indictment on Count One against Rockett as unconstitutionally vague and overbroad; move to sever Counts One and Nine from the rest of the counts in Rockett's indictment; contest the sufficiency of the evidence for Count One; and move to suppress evidence related to Rockett's computers, hard drives, and encryption software.

These claims also fail to overcome the presumption of competence that the Court must extend to Rockett's trial counsel. Although Rockett may now disagree with the conduct of his trial counsel, he does not show that his "counsel made errors so serious that performance fell below an objective standard of reasonableness under prevailing professional norms." *Mak v. Blodgett*, 970 F.2d 614, 618 (9th Cir. 1992). Instead, Rockett presents instances of his counsel's conduct that, when afforded proper deference, "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (quotation marks omitted).

Whether to seek severance of the United States' allegations against Rockett, for example, presumptively is a strategic consideration. *See United States v. Cardenas*, 735 F. App'x 235, 237 (9th Cir. 2018) (holding that trial counsel's "decision not to seek a severance was not unreasonable and did not constitute ineffective assistance of counsel"); *see also* ECF 239 at 4 (declarations by Rockett's counsel in which they explain why they did not seek severance).

PAGE 9 – OPINION AND ORDER

Rockett does not argue otherwise. The same is true for the decision not to object to the prosecutor's purportedly inappropriate remarks during opening statement and closing argument. *See United States v. Necoechea*, 986 F.2d 1273, 1281 (9th Cir. 1993) ("Because many lawyers refrain from objecting during opening statement and closing argument, absent egregious misstatements, the failure to object during closing argument and opening statement is within the 'wide range' of permissible professional legal conduct."); *see also Glasscock v. Taylor*, 740 F. App'x 566, 567 (9th Cir. 2018) ("The district court properly rejected Glasscock's claim that trial counsel rendered ineffective assistance of counsel by failing to seek curative action in response to alleged prosecutorial misconduct during closing argument. Even if the prosecutor's remarks urging the jury to 'protect' the victim were improper, the failure to object to them was within the range of professional conduct.").

The decision by trial counsel not to move to suppress evidence relating to Rockett's hard drives, encryption software, and file cleanup software similarly fell within the bounds of permissible professional legal conduct. Courts in the Ninth Circuit have rejected the argument that "a defendant has everything to gain and nothing to lose in filing a motion to suppress." *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (quotation marks omitted). Rather, a "lawyer's zeal on behalf of his client does not require him to file a motion which he knows to be meritless on the facts and the law," for so doing may cost a defendant his lawyer's time and credibility with the judge. *Id.* Rockett retained the same counsel to represent him in related criminal cases in Washington County, Oregon, where his counsel unsuccessfully moved to suppress the same evidence at issue here. ECF 263 at 27-28. Counsel opted to move to exclude and limit related evidence rather than repeat a previously unsuccessful motion to suppress. ECF 88, 89, 90. The

Court denied these motions in relevant part. ECF 121. This conduct reflects informed and professional decisionmaking, not performance below objectively reasonable standards.

As to Rockett's claim that his trial counsel was ineffective because counsel failed to move for a judgment of acquittal on Count One, Rockett does not show that he suffered prejudice from this inaction. Assuming without finding that the decision by defense trial counsel not to move for a judgment of acquittal on Count One was objectively unreasonable, it is well-established in this and other circuits that where the evidence is sufficient to warrant a conviction, no prejudice results "from defense counsel's failure to move for judgment of acquittal." *United States v. Evans*, 978 F.2d 1112, 1114-15 (9th Cir. 1992); *see, e.g.*, *United States v. Brodie*, 524 F.3d 259, 273 (D.C.C. 2008) ("Because the evidence of Brodie's guilt was overwhelming, Brodie was not prejudiced by his counsel's failure to move for a judgment of acquittal."); *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006) (denying the defendant's claim that his counsel was ineffective for failing to move for a judgment of acquittal because "the evidence the government presented during its case was sufficient to convict"); *United States v. Allen*, 390 F.3d 944, 951 (7th Cir. 2004) ("[F]ailure to file a motion for acquittal was not prejudicial where the evidence against the defendant was sufficient to support a conviction."); *United States v. Hood*, 593 F.2d 293, 297-98 (8th Cir. 1979) ("[F]ailure to move for a judgment of acquittal or for a new trial also do not [sic] support Hood's contention [of ineffective assistance of counsel] since we find that the evidence was clearly sufficient to sustain the conviction."); *see also United States v. Daniel*, 3 F.3d 775, 779 (4th Cir. 1993) (holding that trial counsel's decision not to move for judgment of acquittal "demonstrate[d] his sound evaluation of their likelihood of success").

### 3. Investigation

Rockett argues that his trial counsel rendered ineffective assistance of counsel by failing to investigate several pertinent issues before trial. Defense counsel has a "duty to make

reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. To succeed on an ineffective assistance of counsel claim based on a duty to investigate, a defendant must state "what additional information would be gained by the discovery he now claims was necessary." *Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir. 1986). "Moreover, ineffective assistance claims based on a duty to investigate must be considered in light of the strength of the government's case." *Id.*

Rockett's trial counsel respond under oath that they hired investigators and experts to review the case, prepared for trial to the best of their ability, and investigated the issues. ECF 239.[3] The record also reflects their strategy to defend against the government's allegations by casting doubt on the validity of the government's case. *See* ECF 85 (expert witness list); ECF 91 (trial memorandum); ECF 115 (exhibit list). "[C]hoice of a particular strategy can make 'particular investigations unnecessary.'" *Miles v. Ryan*, 713 F.3d 477, 491 (9th Cir. 2013) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 195 (2011)). Trial counsel, relying on this choice of strategy, reasonably could have decided not to explore several of the issues that Rockett alleges were not investigated. Applying "the strong presumption of competence that *Strickland* mandates," *Cullen*, 563 U.S. at 196, to the conduct of Rockett's trial counsel, the Court finds that Rockett does not show that his trial counsel provided ineffective assistance by failing their duty to investigate.

### 4. Other Alleged Failures at Trial

In his § 2255 motion, Rockett makes several other claims of ineffective assistance of counsel that he does not discuss in his reply brief. These claims allege that Rockett's trial

---

[3] The record supports trial counsel's response that they hired investigators. *See, e.g.*, ECF 164 at 5-7, 10-11 (transcript of court proceedings in which the Court discusses with defense counsel their funding authorizations for private investigators).

counsel failed to: inform the Court about jurors sleeping during direct testimony and the introduction of evidence; object to the order that Rockett must pay restitution to two individuals who Rockett argues were unnamed in his indictment; object to the government's purported evidence tampering; introduce a report in federal court that counsel had purportedly attempted to admit in state court and that, Rockett states, depicted his arresting officers engaged in criminal acts; and understand and present the findings from Rockett's own computer expert.

For these claims, Rockett fails to meet his burden of showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Because Rockett must show both prongs of the *Strickland* test to prevail, his claims fail because he does not show prejudice. Courts have not found prejudice when evaluating similar circumstances. *See, e.g.*, *Anderson v. Terhune*, 409 F. App'x 175, 179 (9th Cir. 2011) (holding that a juror's sleep behavior "did not rise to the level of a constitutional violation" sufficient to grant a petition for a writ of habeas corpus and collecting cases to this effect). It is not enough to conclude that an error "reasonably would have affected the judgment of the jury," as Rockett argues. To show prejudice, more is required. Rockett does not demonstrate—and in some cases does not argue—that without these alleged deficiencies there is a reasonable probability the trial outcome would have been different; *i.e.*, that he would not have been convicted.

### 5. Appellate Strategy

Rockett also claims that his appellate counsel on direct appeal provided constitutionally deficient assistance. Most of these claims repeat allegations that Rockett asserts against his trial counsel. Others raise new allegations of deficiency. For example, Rockett claims that his appellate counsel provided ineffective assistance by failing to appeal the trial court's admission

of Rockett's previous state convictions in light of a witness's later purportedly inconsistent statement in state court.[4]

Rockett must meet a stricter standard for his claims of ineffective assistance of appellate counsel. To prevail on these claims, Rockett must show that his appellate "counsel's advice fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, [he] would have *prevailed* on appeal." *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) (emphasis added). Unlike with trial counsel, appellate counsel "will fail to raise an issue because she foresees little or no likelihood of success on that issue; indeed, the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy." *Id.* The two *Strickland* prongs of reasonableness and prejudice thus "partially overlap" for ineffective assistance claims against appellate counsel where they may not for such claims against trial counsel. *Id.* "Appellate counsel will therefore frequently remain above an objective standard of competence (prong one) and have caused her client no prejudice (prong two) for the same reason—because she declined to raise a weak issue." *Id.*

That is the case here. Rockett mailed a letter to his appellate counsel detailing all but one of his current claims of ineffective appellate counsel. ECF 263 at 2-12. Rockett's appellate counsel responded that most of these issues were not included in Rockett's appeal brief because they "were simply not appellate worthy." *Id.* at 13-14. Appellate counsel then explained why they believed this was so, and what they believed was Rockett's strongest chance at a successful reversal of his conviction. *Id.* Rockett does not show that this analysis by his appellate counsel

---

[4] In a separate section of this motion for relief, Rockett argues that the Court violated his due process rights by interpreting 18 U.S.C. § 2251 in such a way as to make the statute unconstitutionally vague. Rockett contends that this error caused the Court to deny his Rule 29 motion and led to his conviction. The Ninth Circuit disagreed when Rockett argued this point on appeal. *See Rockett*, 752 F. App'x at 449-50. This Court need not address this point further.

was deficient or prejudicial. The Court discerns neither deficiency nor prejudice in Rockett's appellate counsel's reasoning. Accordingly, the Court denies these claims of ineffective assistance of appellate counsel.

Appellate counsel did not address Rockett's remaining claim in this letter. In this claim, Rockett asserts that subsequent evidence was produced in his state court proceedings that conflicts with testimony from his federal case. Rockett, however, offers no details about what this evidence is, what the purported conflict revealed, when this new evidence emerged, or whether Rockett's appellate counsel could have incorporated this evidence into the appeal brief. "The standard [for a § 2255 motion] essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984); *see also Withers*, 638 F.3d at 1062. This vague, conclusory, and unsubstantiated allegation thus cannot serve as foundation for Rockett's ineffective assistance claim against his appellate counsel.

### C.  Cumulative Error

Rockett argues that the volume of errors violated his due process rights, even if individually these alleged errors do not. "The cumulative effect of multiple errors can violate due process even where no single error rises to the level of a constitutional violation or would independently warrant reversal." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007). "Under traditional due process principles, cumulative error warrants habeas relief only where the errors have 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

In evaluating a due process challenge based on cumulative error, a reviewing court typically must "determine the relative harm caused by the errors." *Id.* at 927-28. Here, however, the Court has not found that any such errors occurred. Nor does Rockett explain his claim

further. Rockett does not show that his defense was "far less persuasive" than it otherwise may have been because of the errors he alleges. *Id.* at 933. The cumulative error claim thus fails.

**D. Hearing**

When a defendant files a motion under 28 U.S.C. § 2255, a district court must grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Rodriguez*, 49 F.4th 1205, 1213 (9th Cir. 2022) ("In other words, a hearing is mandatory whenever the record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims." (quotation marks omitted)). "Evidentiary hearings are particularly appropriate when claims raise facts which occurred out of the courtroom and off the record." *United States v. Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000). Inquiries into what a defendant *would* have done had he been fully informed are also especially appropriate for an evidentiary hearing. *See United States v. Werle*, 35 F.4th 1195, 1202 (9th Cir. 2022) (collecting cases); *see also Lee v. United States*, 137 S. Ct. 1958, 1967-68 (2017) (concluding that the petitioner-defendant overcame *Strickland* by showing in an evidentiary hearing that he "would have gone to trial if he had known about" certain key facts).

An evidentiary hearing is not appropriate for resolving Rockett's § 2255 claims. Rockett makes conclusory allegations of misconduct against his trial counsel, his appellate counsel, and the government. The record reflects that these attorneys performed their professional duties satisfactorily, however, and shows that Rockett's "allegations in the motion, when viewed against the record, do not give rise to a claim for relief." *Withers*, 638 F.3d at 1063. His claims do not rely on counterfactuals or off-the-record allegations. The Court thus need not hold an evidentiary hearing to summarily dismiss Rockett's motion.

## CONCLUSION

The Court DENIES Defendant's Second Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF 237. The Court declines to issue a Certificate of Appealability because Defendant has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 21st day of March, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge